ARTHUR LUCIER *v.* SAMUEL HITTLEMAN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 8—decided July 12, 1939.

*M. J. Blumenfeld,* with whom, on the brief, was *Milton M. Koskoff,* for the appellant (plaintiff).

*Albert B. Walker,* for the appellees (defendants).

MALTBIE, C. J., In this action the plaintiff claimed to recover as damages wages lost to him by reason of the death of his minor son, alleged to have been killed by the negligence and recklessness of the defendants in operating an automobile which ran into him. A demurrer to the complaint based upon the ground that it stated no cause of action was sustained and from the judgment entered upon the plaintiff's failure to plead over he has appealed.

We have recognized it as a rule of the common law generally applicable that no action lies for damages resulting from the death of a human being. *Murphy* v. *New York & New Haven R. Co.*, 30 Conn. 184, 188; *Goodsell* v. *Hartford & New Haven R. Co.*, 33 Conn. 51, 55; *Broughel* v. *Southern New England Telephone Co.*, 72 Conn. 617, 620, 45 Atl. 435. With one exception later considered, we have never recognized such a cause of action unless it fell within the provisions of some statute. *Porpora* v. *New Haven*, 122 Conn. 80, and cases cited, 187 Atl. 668. Various reasons have been given to support the common-law rule and it may be admitted that they do not afford a satisfactory basis upon which it may rest. The rule has been severely criticized; see, for example, Pollock, Torts (13th Ed.) 62; Burdick, Torts, § 243; and particularly has its application to such a case as the one before us been vigorously condemned; dissenting opinion of Bramwell, Baron, in *Osborn* v. *Gillett*, L. R. 8 Exch. 88, 93. But whatever the reasons upon which it has been said to rest, the rule has become thoroughly embedded in the common law. See *Jackson* v. *Watson & Sons*, L. R. (1909) 2 K. B. 193; *Admiralty Commissioners* v. *Steamship Amerika*, L. R. (1917) App. Cas. 38. It has resulted in the determination by legislative action of the condition and limitations under which a recovery for a cause of action of an unusual nature is deemed to

be in accordance with a sound public policy. We could overturn the existing legal situation in this state only for the most compelling reasons.

The rule has, by most courts having occasion to consider the question apart from statutes recognizing a right of action, been applied where a parent has sought to recover wages lost by reason of the wrongful death of a minor son or a husband, to recover for the loss of consortium resulting from the death of his wife, and to other like situations. *Panama R. Co.* v. *Rock,* 266 U. S. 209, 211, 45 Sup. Ct. 58; *The Harrisburg,* 119 U. S. 199, 204, 7 Sup. Ct. 140; *Carey* v. *Berkshire R. Co.,* 55 Mass. 475; *Sherlag* v. *Kelley,* 200 Mass. 232, 86 N. E. 293, 19 L. R. A. (N. S.) 633 and note; *Tullgren* v. *Amoskeag Mfg. Co.,* 82 N. H. 268, 275, 133 Atl. 4; *Grosso* v. *Delaware, L. & W. R. Co.,* 50 N. J. L. 317; 16 Am. Jur., p. 36. In the following cases the rule has been specifically recognized as applicable to an action by a parent to recover damages for the death of a minor child: *Sherman* v. *Johnson* (Vt.) 2 Atl. 707; *United States Electric Lighting Co.* v. *Sullivan,* 22 App. Cas. D. C. 115, 130; *Wilson* v. *Bumstead,* 12 Neb. 1, 3, 10 N. W. 411; *Mayhew* v. *Burns,* 103 Ind. 328, 333, 2 N. E. 793; *Edgar* v. *Castello,* 14 S. C. 20, and see *Osborn* v. *Gillett,* L. R. 8 Exch. 88.

We have not had occasion to determine the precise question now before us. It was, however, presented to the Superior Court in *Kowalsky* v. *Leonard,* 4 Conn. Sup. 219, and a right of action by the parent was denied. The court, Inglis, J., after citing authorities supporting the application of the common-law rule to such cases, said (p. 220):

"The only doubt that such is the law of this state arises by reason of the case of *Cross* v. *Guthery,* 2 Root 90. In that case a husband was suing for loss of consortium resulting from the death of his wife caused by

malpractice. The verdict had been for the plaintiff and a motion for arrest of judgment had been made on the ground that the offense charged was a felony and the private injury was merged in the public offense. That contention of course was one of the reasons upon which the common-law rule forbidding recovery for wrongful death was based. The court in deciding the case and upholding the verdict said simply that the rule contended for 'is applicable in England only to capital crimes where from necessity the offender must go unpunished or the injured go unredressed.'

"The doubt raised by that case seems to be definitely dispersed, however, by the case of *Connecticut Mutual Life Ins. Co.* v. *New York & New Haven R. Co.*, 25 Conn. 265. In that case the plaintiff was seeking to recover the amount it had been called upon to pay under one of its life insurance policies by reason of the wrongful death of one of its insured caused by the defendant. The right of recovery was denied and one of the grounds given for that denial was that 'the common law is that the death of a human being whatever may be its consequences in a pecuniary or in any other aspect is not an actionable injury.'

"The reason for the common-law rule against recovery for wrongful death was not only that the private injury was merged into the public offense. It was rather because it was offensive to common sensibilities to try to compensate with money for the death of a human being and because it would be an impossible task to attempt to compensate relatives, creditors and everyone else who was injured by the death. It would seem clear, therefore, that we should accept as the stating of the law of this state the later and more fully reasoned opinion in *Connecticut Mutual Life Ins. Co.* v. *New York & New Haven R. Co.* rather than

the earlier and briefly stated dogmatic opinion in *Cross* v. *Guthery*."

We concur in the reasoning of that opinion, adding this: In *Mobile Life Ins. Co.* v. *Brame,* 95 U. S. 754, 757, the Supreme Court of the United States stated that *Cross* v. *Guthery* and two other cases where a like decision had been reached were too much against the weight of authority to be regarded, and in *The Harrisburg,* supra, the court stated that *Cross* v. *Guthery* could not be reconciled with our later decision in *Goodsell* v. *Hartford & New Haven R. Co.,* supra.

The plaintiff relies on the case of *Capozzi* v. *Waterbury,* 115 Conn. 107, 160 Atl. 435. In that case the plaintiff brought an action to recover for expenditures he had been compelled to make and for the loss of the services of his minor son who had been severely injured by a defect in a street of the defendant city amounting to a nuisance. The trial court found that during the pendency of the action the son died as the result of the injuries he had received. The court charged the jury that the plaintiff was entitled to recover for expenditures incurred by reason of the injury to the son and for services lost to him during the son's minority. Supreme Court Records & Briefs, Vol. A-18, p. 368, back. In determining whether the verdict rendered for the plaintiff was excessive, we said (p. 110) that in addition to the expenditures the father had incurred, he was also entitled to recover for the loss of the son's services during his minority. In so stating we were adopting the theory upon which the case was submitted to the jury without any question being raised as to the correctness of the charge. Under these circumstances, we cannot regard that case as authority for the legal proposition that a father is entitled to recover for the lost services of a son who has been wrongfully killed. If a recovery of damages in such a

case is to be permitted, it will better conform to a sound public policy to leave it to the Legislature to determine by the adoption of a statute the conditions under which it ought to be allowed, as has been done in several of the states.

There is no error.

In this opinion the other judges concurred.