OPINION OF THE COURT
Jasen, J.
The issues on these appeals are whether a surviving spouse, in his or her individual capacity, may maintain a common-law cause of action for loss of consortium due to death and whether loss of consortium may be asserted as an element of damages within a wrongful death action.
In Liff v Schildkrout, the complaint alleges that Joseph Liff died on September 29, 1975 as a result of the malpractice of defendant, Dr. Schildkrout. Plaintiffs, executors of decedent’s estate, served a complaint setting forth two causes of action. The first cause of action sought to recover damages for pain and suffering by the decedent prior to his death, whereas the second cause of action sought to recover damages for the wrongful death of decedent.
After issúe was joined, plaintiffs made a motion seeking leave to serve an amended complaint which would set forth an additional cause of action on behalf of the decedent’s widow, Hilda Liff, for damages for loss of consortium or, in the alternative, deeming the original complaint and bill of particulars amended to include a claim for the widow’s loss of consortium. Special Term granted the motion only to the limited extent of permitting plaintiffs to set forth "a third cause of action on behalf of the widow for loss of consortium *630 during the period of the decedent’s conscious pain and suffering” and ordered that the bill of particulars be amended accordingly. On appeal, the Appellate Division, Second Department, unanimously affirmed the order of Special Term, and plaintiffs appeal to this court on a certified question.
In Grant v Guidotti, the operative facts are as follows: Patricia Grant died on July 20, 1975, while under anesthesia for a Caesarean section at Long Island College Hospital. More than two years after decedent’s death, this action sounding in medical malpractice was commenced against the hospital and three physicians who participated in the surgery. The action was brought in the name of decedent’s husband, Ronald Grant, as administrator of decedent’s estate, and decedent’s two minor children to recover damages for the wrongful death of decedent, for the loss of parental guidance on behalf of the infant distributees, and for the plaintiff husband’s loss of consortium due to the death of his wife.
Thereafter, defendant Macalino moved to dismiss the complaint on the grounds that the wrongful death action was barred by the two-year Statute of Limitations (EPTL 5-4.1) and that the cause of action for loss of consortium was barred for lack of a proper party plaintiff since decedent’s husband did not sue in his individual capacity. Plaintiffs cross-moved for an order amending the caption of the complaint to set forth Ronald Grant’s individual capacity in the action.
Special Term, in two separate orders, granted defendant Macalino’s motion to sever and dismiss the complaint as against him, denied plaintiffs’ cross motion to amend the caption of the complaint to reflect Ronald Grant’s individual capacity, and dismissed the cause of action for loss of consortium. The Appellate Division, Second Department, unanimously affirmed the judgment of Special Term severing and dismissing plaintiffs’ action as against defendant Macalino. In so doing, that court rejected plaintiffs’ contentions that Ronald Grant is vested with a common-law cause of action for loss of consortium and that this cause of action is not subject to the two-year time limitation embodied in EPTL 5-4.1. Plaintiffs were granted leave to appeal to this court by the Appellate Division.
In Ventura v Consolidated Edison Co., the relevant facts are as follows: On December 11, 1970, one Anthony Ventura died as a result of a gas explosion which occurred in lower Manhattan on that same day. Plaintiff, as administrator of the *631 deceased’s estate, then instituted this action claiming damages for wrongful death and conscious pain and suffering. After trial — limited to the issue of liability — Consolidated Edison Co. and the City of New York, along with other defendants, were found liable and an interlocutory judgment was entered. On appeal, the Appellate Division modified the judgment by striking the finding of liability against, and the apportionment of damages to, the City of New York and remitted the matter for a new trial on the issue of the city’s liability and, after a verdict therein, to apportion damages among all defendants held liable. (Gannon Personnel Agency v City of New York, 57 AD2d 538.)
Prior to the commencement of the new trial, plaintiff moved for an order permitting amendment of the complaint to include a cause of action on behalf of the decedent’s widow, individually, for loss of consortium. Trial Term denied the requested relief, stating that it was "not persuaded that loss of consortium is an element of a wrongful death action.” The Appellate Division, First Department, however, reversed the order of Trial Term, concluding that loss of consortium is a pecuniary injury and, thus, compensable in a wrongful death action. Defendants Consolidated Edison and the City of New York appeal to this court on a certified question.
The first issue for our resolution is whether a surviving spouse, in his or her individual capacity, may maintain a common-law cause of action in this State for loss of consortium due to death which is independent and distinct from a statutory action for wrongful death. (EPTL 5-4.1 et seq.) While we recognize the attractive nature of plaintiffs’ arguments, we decline the invitation to change the law of this State and adhere to our pronouncement in Ratka v St. Francis Hosp. (44 NY2d 604, 610-612) that all causes of action arising from the death of an individual must be maintained in accordance with statutory authority.
Although the origin of the common-law notion that "[i]n a civil court, the death of a human being could not be complained of as an injury” (Baker v Bolton, 1 Camp 493, 170 Eng Rep 1033 [KB, 1808]) has been the subject of much speculation and the cited theoretical underpinnings of the rule itself have drawn serious questions as to their continued vitality (e.g., Moragne v States Mar. Lines, 398 US 375, 382-386), there is simply no room left for debate that the common law of this State, despite numerous opportunities and forceful requests to *632 change, does not recognize suits to recover damages for the wrongful death of an individual. (See, e.g., Ratka v St. Francis Hosp., 44 NY2d 604, 610-612, supra; Caffaro v Trayna, 35 NY2d 245, 248; Kilberg v Northeast Airlines, 9 NY2d 34, 38, and concurring opn, at pp 43-44; Green v Hudson Riv. R. R. Co., 28 Barb 9, affd 2 Abb Ct App 277; Osborn v Kelley, 61 AD2d 367, 370; Sorensen v Balaban, 11 App Div 164, 165.) This is not to say that a decedent’s distributees are without a remedy, for a cause of action for wrongful death has been expressly authorized by statute in this State since 1847 (L 1847, ch 450) and is now embodied in EPTL 5-4.1. (See NY Const, art I, § 16 [right of action to recover for injuries resulting in death may not be abrogated].) Thus, the cause of action for wrongful death has been dubbed "a child of statute”. (See George v Mt. Sinai Hosp., 47 NY2d 170, 176.)
Perhaps the most forthright justification for the refusal by the courts of this State to establish a common-law cause of action for wrongful death is the very existence of the statutory right. This is the clear import of our holding in the Ratka case (supra). The courts have deferred to the wisdom of the Legislature in striking the sensitive balance as to the causes of action which should be permitted to be maintained due to the wrongful death of another and also the measure of damages recoverable. (See Mobil Oil Corp. v Higginbotham, 436 US 618, 623-626.) In short, legislative enactments have preempted this area; the rights accorded by statute being in derogation of the common law, the right to sue for injury sustained due to the death of another must be founded in statutory authority.
Nor can it be said that a spouse’s cause of action for loss of consortium exists in the common law independent of the injured spouse’s right to maintain an action for injuries sustained. (See Millington v Southeastern Elevator Co., 22 NY2d 498, 507-508; Green v Hudson Riv. R. R. Co., 28 Barb 9, supra; Sorensen v Balaban, 11 App Div 164, 165, supra.) In this regard, we adopt the reasoning set forth in Osborn v Kelley (61 AD2d 367, 370, supra) "that insofar as plaintiff is attempting to recover for loss of consortium for the period prior to decedent’s death, a cause of action is stated. (Hentze v Curry Chevrolet Sales & Servs., 46 AD2d 800.) Such a cause of action, however, is a derivative one (cf. Millington v Southeastern Elevator Co., 22 NY2d 498.) The wrongful death statute created a new cause of action based not upon damage *633 to the estate of the deceased because of death, but rather for the pecuniary injury to the surviving spouse and next of kin of the decedent (Greco v Kresge Co., 277 NY 26, 32). Since a decedent has no cause of action to recover damages for his death (EPTL 11-3.3), plaintiff has no derivative cause of action to recover for loss of consortium due to decedent’s death.”
In sum, we decline the invitation to recognize a common-law cause of action on behalf of the surviving spouse for permanent loss of consortium due to the wrongful death of his or her marital partner. Any cause of action or, indeed, remedy predicated upon the loss of one’s spouse must be founded in statutory authority.
Having so concluded, it becomes necessary to determine the issue whether loss of consortium can be claimed as an element of damages within a wrongful death action. Resolution of this issue centers upon an examination of the statutory language embodied in EPTL 5-4.3.
That section — which delineates the measure of damages in wrongful death actions — provides in pertinent part: "The damages awarded to the plaintiff may be such sum as the jury or, where issues of fact are tried without a jury, the court or referee deems to be fair and just compensation for the pecuniary injuries resulting from the decedent’s death to the persons for whose benefit the action is brought. In every such action, in addition to any other lawful element of recoverable damages, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death and the reasonable funeral expenses of the decedent paid by the distributees, or for the payment of which any distributee is responsible, shall also be proper elements of damage.” (EPTL 5-4.3.)
The qualifying phrase "pecuniary injuries” has been retained since the enactment of the first wrongful death statute in this State (L 1847, ch 450) and has been consistently construed by the courts as excluding recovery for grief, and loss of society, affection and conjugal fellowship — all elements of the generic phrase "loss of consortium”. (See, e.g., Tilley v Hudson Riv. R. R. Co., 24 NY 471; Loetsch v New York City Omnibus Corp., 291 NY 308; Bell v Cox, 54 AD2d 920, mot for lv to app den 41 NY2d 805; Hentze v Curry Chevrolet Sales & Servs., 46 AD2d 800, supra; Amerman v Lizza & Sons, 45 AD2d 996; but see Lehman v Columbia Presbyt. Med. Center, 93 Misc 2d 539.) While it is true that one factor often cited by courts in refusing recovery for loss of consortium — that loss of *634 consortium is incapable of measurement in monetary terms— has been repudiated by this court (Millington v Southeastern Elevator Co., 22 NY2d 498, 507, supra), there still exists a fundamental reason why we should not change the present rule of law.
The Legislature, by including the pecuniary injury limitation in its statutory scheme, clearly intended that damages for loss of consortium should not be recoverable in wrongful death actions. The courts, under such circumstances, are not free to consider the relative merits of the arguments in favor of, or in opposition to, this limitation for the Legislature has "struck the balance for us.” (See Mobil Oil Corp. v Higginbotham, 436 US 618, 623, supra.) As shown, the courts of this State have consistently honored this legislative policy of limitation on damages and, given the failure of the Legislature to amend the statute, we conclude that the Legislature has approved this finding and implementation of legislative intent.
In short, we now reaffirm the principle that a claim for loss of consortium will not be recognized within a wrongful death action in this State. If a change should be made, it is for the Legislature, and not the courts, to make. (Cf. Thornton v Roosevelt Hosp., 47 NY2d 780.)
Applying these principles to the cases now before us, we conclude that plaintiffs’ motion to amend the complaint in Liff v Schildkrout to include a claim for the widow’s loss of consortium was properly granted only to the limited extent of permitting such cause of action to reflect loss of consortium during the period of decedent’s conscious pain and suffering. In Ventura v Consolidated Edison Co., however, the Appellate Division erred in holding that loss of permanent consortium due to the death of a marital partner is a pecuniary injury and thus compensable in a wrongful death action. The statutory scheme simply does not allow recovery for such claimed injury.
In Grant v Guidotti, we agree with the disposition of the courts below severing and dismissing plaintiffs’ action as against defendant Macalino. We have declined the invitation to recognize a common-law cause of action for permanent loss of consortium; and, plaintiffs’ wrongful death action being concededly instituted more than two years after decedent’s demise, it was properly dismissed. (EPTL 5-4.1.)
Accordingly, in Liff v Schildkrout, the order of the Appel *635 late Division, should be affirmed, with costs, and the question certified answered in the affirmative.
In Grant v Guidotti, the order of the Appellate Division should be affirmed, with costs.
In Ventura v Consolidated Edison Co., the question certified is answered in the negative. The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, New York County, reinstated.
Chief Judge Cooke and Judges Gabrielli, Jones, Wachtler and Meyer concur; Judge Fuchsberg taking no part.
In Liff v Schildkrout: Order affirmed, etc.
In Grant v Guidotti: Order affirmed.
In Ventura v Consolidated Edison Co.: Order reversed, etc.