LANA R. LELAND, ADMINISTRATRIX
(ESTATE OF FRED H. LELAND) *v.*
SURRENDRA R. CHAWLA ET AL.

SUPERIOR COURT JUDICIAL DISTRICT OF FILE NO. 277816
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed August 24, 1983

*Riscassi & Davis,* for the plaintiff.

*O'Brien, Sudarsky & Hausman,* for the named defendant.

*Gager, Henry & Narkis,* for the defendant Joseph P. Sappington.

*Cooney, Scully & Dowling,* for the defendant Saint Francis Hospital.

HAMMER, J. This action has been brought against the defendants, Surrendra K. Chawla, Joseph P. Sappington and Saint Francis Hospital, for alleged malpractice which resulted in the death of the plaintiff's decedent, Fred H. Leland. The first three counts of the complaint assert a cause of action for wrongful death in favor of the plaintiff as administratrix of his estate. The fourth count, which incorporates all of the allegations of the first three counts, states that "[a]s a further result of said incidents," the plaintiff, individually, as the wife of the decedent, "was, and in the future will be, deprived of the moral and financial support, care, companionship, society, affection, and consortium of her husband, the decedent, Fred H. Leland."

The defendants Saint Francis Hospital and Chawla have moved to strike the fourth count of the complaint because the plaintiff "has no cause of action as an individual for any damages resulting from the death of her husband . . . ." The plaintiff opposes the motion on the ground that she has stated a separate common law cause of action for loss of consortium which is "separate from, and in addition to, any cause of action which is possessed by her husband or his estate" under § 52-555 of the General Statutes, the Connecticut wrongful death statute.

In *Hopson* v. *St. Mary's Hospital,* 176 Conn. 485, 408 A.2d 260 (1979), our Supreme Court held that a married person had a cause of action for loss of consortium when his spouse was injured by the negligence of a third party, but did not address the question of whether such cause of action survived the injured spouse's death. A Superior Court decision subsequent to *Hopson* has allowed a loss of consortium claim in a wrongful death action. In *Hinde* v. *Butler,* 35 Conn. Sup. 292, 408 A.2d 668 (1979), the court held that damages for loss of consortium are now legally recoverable as a result of the *Hopson* decision and constitute "just damages" within the meaning of § 52-555.

Under the common law, death was not a recoverable element of damages. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668, 136 A.2d 918 (1957). The death of the injured person, whether contemporaneous with the wrongful act or not, terminated the liability of the wrongdoer because the right to enforce it ended with the life of the injured person and "[s]uch right did not survive *in favor of any one."* (Emphasis added.) *Broughel* v. *Southern New England Telephone Co.,* 72 Conn. 617, 620, 45 A. 435 (1900). The same rule applied to any element of damages directly flowing from death including the right of action of a husband to recover for the loss of consortium resulting from the death of his wife. *Lucier* v. *Hittleman,* 125 Conn. 635, 637, 7 A.2d 647 (1939); *Kowalsky* v. *Leonard,* 4 Conn. Sup. 219 (1936). In other words, death and its direct consequences could constitute recoverable elements of damages only if, and to the extent that, they were made so by statute. *Foran* v. *Carangelo,* 153 Conn. 356, 359, 216 A.2d 638 (1966).

It is only by virtue of § 52-555 of the General Statutes that an action or right of action, which includes as elements of damages a person's death or any of its direct consequences, survives. Id., 360 n.2. Because the stat-

ute is in derogation of the common law it is limited to matters clearly within its scope. *Grody* v. *Tulin,* 170 Conn. 443, 448, 365 A.2d 1076 (1976). Because it expressly provides for the bringing of such an action by either an executor or an administrator, it precludes anyone else, including the parents or spouse of a decedent, from bringing such an action individually. See *Cofrancesco* v. *Smith,* 29 Conn. Sup. 139, 142, 275 A.2d 608 (1971). Under our statute the cause of action sued upon is not a new one created in the personal representative of the decedent or in the next of kin. *Shaker* v. *Shaker,* 129 Conn. 518, 520, 29 A.2d 765 (1942). The plaintiff stands in the shoes of the decedent and can recover only if the decedent, had his injuries not proved fatal, could himself have recovered. *Nolan* v. *Morelli,* 154 Conn. 432, 435, 226 A.2d 383 (1967).

Under our statute, damages are not measured in terms of the loss sustained by the decedent's survivors. *Chase* v. *Fitzgerald,* 132 Conn. 461, 467, 45 A.2d 789 (1946). Accordingly, even where family members seek recovery for damages sustained only to themselves, rather than to the decedent or to the estate, but the only elements of damages which they allege are a direct consequence of the death, their claim has been held to be legally insufficient. *Foran* v. *Carangelo,* supra, 361. Under such circumstances they have not stated a valid cause of action on their own behalf because "they have not brought themselves within the terms of any statute authorizing a recovery of such postmortem elements of damage." Id.

A recent decision of the Supreme Court indicates that the *Hopson* decision has not yet effected any changes in the legal principles governing actions for wrongful death. In *Keogh* v. *Bridgeport,* 187 Conn. 53, 444 A.2d 225 (1982), the court noted (pp. 58–59) that "[a]n administratrix stands in the shoes of the deceased and can recover for wrongful death only if the deceased could

have recovered for his injuries had they not proved fatal." It also stated that "[w]e agree that a wrongful death action survives death and is maintainable by the administratrix or executrix of the deceased's estate, and *not by his dependents.* " (Emphasis added.) Id., 58.

Loss of consortium is a loss suffered by a survivor of the decedent and, therefore, damages for this loss are generally not recoverable under a wrongful death statute that compensates the estate's loss or the losses suffered by the decedent. Comment, "Wrongful Death and Loss of Consortium in Connecticut," 14 Conn. L. Rev. 631, 639 (1982). Conversely, most states which measure damages by the loss sustained by the beneficiaries permit recovery for loss of consortium either by express statutory provision or by judicial construction. *Sea-Land Services, Inc.* v. *Gaudet,* 414 U.S. 573, 587 n.21, 94 S. Ct. 806, 39 L. Ed. 2d 9 (1974).

It seems clear that the court decisions which have refused to allow claims for loss of consortium in wrongful death actions are consistent with the historical development of the right of action for wrongful death in this state. See comment, supra, 632–34. So long as the exclusive remedy for wrongful death in Connecticut is statutory, "[a] consistent line of cases, and the statutory language itself, prohibit the surviving spouse from maintaining a cause of action for loss of consortium under section 52-555." Id., 658.

This court recognizes that the underlying policy considerations supporting compensation for loss of consortium, as enunciated in *Hopson,* provide persuasive reasons for effecting a change in the law with respect to wrongful death cases. As the author of the above-cited law review comment suggests, however, any such modification should be initiated by the legislature, either through an amendment of § 52-555 or by enacting an entirely new statute allowing recovery for loss

of consortium. See *Lucier* v. *Hittleman,* 125 Conn. 635, 639–40, 7 A.2d 647 (1939).

For the foregoing reasons, this court declines the plaintiff's invitation to recognize a common law cause of action on behalf of the surviving spouse for permanent loss of consortium due to the wrongful death of his or her marital partner because "[a]ny cause of action or, indeed, remedy predicated upon the loss of one's spouse must be founded in statutory authority." See *Liff* v. *Schildkrout,* 49 N.Y.2d 622, 427 N.Y.S.2d 746, 404 N.E.2d 1288 (1980). Furthermore, in the words of the New York Court of Appeals in the *Liff* case, "we now reaffirm the principle that a claim for loss of consortium will not be recognized within a wrongful death action in this State. If a change should be made, it is for the Legislature, and not the courts, to make." Id., 634.

Accordingly, the defendants' motion to strike the fourth count of the plaintiff's complaint is granted.