Alta BAUER, Administratrix of the
Estate of Royal C. Bauer, and
Alta Bauer, Individually,

v.

JOHNS–MANVILLE
CORPORATION, Et Al.

No. H–80–668 Civil.

United States District Court,
D. Connecticut.

June 7, 1984.

Stephen C. Embry, O'Brien, Shafner, Bartinik, Stuart & Kelly, Groton, Conn., for plaintiff.

Joseph Adinolfi, Jr., Joseph A. O'Brien, Hartford, Conn., for Celotex Corp.

Joseph P. Kenny, Kenny & Brimmer, Hartford, Conn., for Union Asbestos.

Patrick J. Flaherty, Cooney, Scully & Dowling, Hartford, Conn., for Owens-Corning.

Maurice T. FitzMaurice, Joseph R. Lupica, Reid & Riege, P.C., Hartford, Conn., for Owens-Ill.

Paul W. Orth, John T. Harris, Hoppin, Carey & Powell, Hartford, Conn., for GAF Corp.

George W. Ripley, Garrity, Walsh, Diana & Wichman, Manchester, Conn., for Keene Corp.

Robert J. Cathcart, Shipman & Goodwin, Hartford, Conn., for Nicolet Industries.

Jacob H. Channin, William G. Speed IV, Hartford, Conn., for Armstrong Cork, Armstrong Contracting & Supply Inc. (Armstrong C & S, AC & S, ACANDS, Inc.).

Peter C. Dorsey, New Haven, Conn., for Fibreboard Paper Products.

S. Robert Jelley, William Doyle, William Prout, New Haven, Conn., for Eagle Picher.

Richard Sperandeo, Harold Donegan, New Haven, Conn., for 48 Insulations Corp.

R. Cornelius Danaher, Robert C. Danaher, Frederick Tedford, Hartford, Conn., for Pittsburgh Corning Corp.

Dion Moore, Bridgeport, Conn., for Robert A. Keasbey Co.

Francis J. Wynne, Gould, Killian & Wynne, Hartford, Conn., for Johnson Asbestos Corp.

Taggart D. Adams, Kelley, Drye & Warren, Stamford, Conn., for Benjamin Foster Co.

Peter C. Schwartz, Gordon, Muir & Foley, Hartford, Conn., for Johns-Manville.

Hadleigh H. Howd, Gerald S. Sack, Hartford, Conn., for Johnson Asbestos.

John R. FitzGerald, James M. Moher, Hartford, Conn., for H.K. Porter Co., Inc. & Southern Textile Corp.

## RULING ON MOTION FOR SUMMARY JUDGMENT

BLUMENFELD, Senior District Judge.

The plaintiff as administratrix brought this suit for damages claiming that her husband died from injuries caused by his exposure to asbestos products manufactured by the defendants. The plaintiff has also asserted a claim in her individual capacity for loss of consortium. One of the defendants, Johnson Asbestos Corporation, has moved for summary judgment on the ground that this entire suit is barred by the statute of limitations; in the alternative, it has moved to dismiss the claim for loss of consortium on the ground that it does not state a claim upon which relief can be granted.

*Facts*

The plaintiff filed this law suit on October 28, 1980. The plaintiff's decedent first discovered his asbestos-related disease on September 22, 1978 and died on November 26, 1978.

The plaintiff responded to an interrogatory requesting the date that the asbestos-related disease was first discovered by stating: "Mesothelioma was diagnosed on September 22, 1978." At oral argument, the plaintiff's attorney attempted to create an issue of fact as to the date of discovery. He argued that the doctor had diagnosed the disease on September 22, 1978, but perhaps he did not inform the plaintiff's decedent. However, this hypothesis is not sufficient to create an issue of fact in the absence of an affidavit or other evidence to support it.

*Statute of Limitations*

The defendant argues that this action is barred by the wrongful death statute of limitations. Conn.Gen.Stat. § 52–555.[1] The plaintiff contends that the wrongful death statute of limitations does not apply to this action; rather, this action is governed by the products liability statute of

---

**1.** That section provides that:

In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.

limitations. Conn.Gen.Stat. § 52–577a.[2] As this suit was filed slightly more than two years after the injury was first discovered, it would be barred by the two-year wrongful death statute of limitations but not the three-year products liability statute of limitations.

When the plaintiff's decedent discovered his injury, and when he died, the products liability statute of limitations did not apply to wrongful death suits.[3] However, before the wrongful death limitations period had expired, the products liability statute of limitations was amended to apply to wrongful death suits. One effect of this amendment was to increase the limitations period for products liability wrongful death suits to three years from the date of discovery of the injury. The defendant argues that this amendment should not be retroactively applied to the plaintiff's suit.

■ The defendant has cited a number of cases holding that the substantive provisions of the new products liability act are not retroactive.[4] In response, the plaintiff has cited a number of cases stating the general rule regarding retroactive application of statutes of limitation: statutes of limitation are ordinarily considered procedural and are retroactively applied to actions pending on or brought after the enactment of the new statute of limitations. *E.g., Jones Destruction, Inc. v. Upjohn,*

161 Conn. 191, 196, 286 A.2d 308 (1971). However, the plaintiff's argument did not discuss the exception to the general rule: if the right is created by statute, the statute of limitations is deemed to be a substantive limit on the right rather than a procedural limit on the remedy. *Morris Plan Indus. Bank v. Richards,* 131 Conn. 671, 673–74, 42 A.2d 147 (1945). This is a wrongful death suit which is not a common law cause of action but a statutory cause of action not recognized by the common law. *See Floyd v. Fruit Indus., Inc.,* 144 Conn. 659, 668, 136 A.2d 918 (1957). Thus the wrongful death statute of limitations would be deemed substantive and would not be retroactively applied.

■ However, these rules of presumptive intent are not relevant if the statute includes a provision regarding its retroactive effect. *Jones Destruction,* 161 Conn. at 195, 286 A.2d 308. ("The determination of whether a statute is retrospective presents a question of legislative intent, and where there is no specific provision to that effect, the question becomes one of presumed intent.") The legislature has clearly expressed its intent that the new products liability statute of limitations should be retroactively applied to cases brought after its effective date, October 1, 1979.[5] *Cf. DuBreuil v. A.H. Robins Co.,*

---

**2.** In relevant part, that section provides that:
No product liability claim as defined in section 52–572m shall be brought but within three years from the date when the injury, death or property damage is first sustained or discovered or in the exercise of reasonable care should have been discovered ....

    ....
The provisions of this section shall apply to all product liability claims brought on or after October 1, 1979.
Conn.Gen.Stat. § 52–577a(a) & (f).

**3.** Before October 1, 1979, the section provided that:
No action to recover damages for injury to the person or to real or personal property caused by any product in a defective condition shall be brought against one who manufactures, sells, leases or bails any such product but within three years from the date when the injury is first sustained, discovered or in the exercise of reasonable care should have been discovered ....

    ....
The provisions of this section shall apply to all actions pending on or brought after June 4, 1976 claiming strict liability regardless of the date of the act or omission complained of. Conn.Gen.Stat. § 52–577a(a) & (c).

**4.** These cases are based on Conn.Gen.Stat. § 55–3:
No provision of the general statutes not previously contained in the statutes of the state, which imposes any new obligation on any person or corporation, shall be construed to have a retrospective effect.

**5.** The previous products liability statute of limitations applied to all cases *pending* on or brought after its effective date, June 4, 1976. *See Giglio v. Connecticut Light & Power Co.,* 180 Conn. 230, 241, 429 A.2d 486 (1980). The present section was initially applicable to all actions pending on or brought after October 1, 1979, 1979 Conn. Acts, ch. 483, § 3, but it was

No. N–80–439, slip op. at 2 (D.Conn. July 11, 1983) (applied section 52–577a retroactively to a suit for personal injuries); *Colluci v. Sears, Roebuck & Co.*, No. N–81–276, slip op. at 8 (D.Conn. May 9, 1984) (same). This suit was filed after October 1, 1979; therefore, the new products liability statute of limitations should be applied to the case brought by the plaintiff as administratrix.

### Loss of Consortium

 Although the Connecticut Supreme Court has held that a spouse may recover damages for loss of consortium arising from a personal injury, *Hopson v. St. Mary's Hospital*, 176 Conn. 485, 408 A.2d 260 (1979), it has not decided whether loss of consortium claims may be recovered when the injuries result in death. A number of courts have held that a plaintiff cannot recover damages for loss of consortium arising from the decedent's death. *Hernandez v. Bristol Hospital*, No. H–81–344 (D.Conn. Sept. 1, 1981); *Leland v. Chawla*, 39 Conn.Sup. 8, 467 A.2d 439 (Super.Ct.1983); *see generally* Comment, *Wrongful Death and Loss of Consortium in Connecticut*, 14 Conn.L.Rev. 631 (1982). *Contra Hinde v. Butler*, 35 Conn.Sup. 292, 408 A.2d 668 (Super.Ct.1979) (loss of consortium arising from death an element of just damages under Conn.Gen.Stat. § 52–555). The rationale of the cases denying recovery is that the theory underlying the wrongful death statute is that the decedent's losses, and not the losses of the decedent's relatives, should be compensated. *See Foran v. Carangelo*, 153 Conn. 356, 359–62, 216 A.2d 638 (1966).

I am persuaded that the Connecticut Supreme Court would not permit the plaintiff to recover damages for loss of consortium resulting from her husband's death. *Hernandez, supra*. However, neither of the parties has cited any cases discussing the effect of death on a claim for loss of consortium caused by the decedent's injuries before his death. While the plaintiff's husband was still alive but dying from mesothelioma, the plaintiff suffered "the mental and emotional anguish caused by seeing a healthy, loving, companionable mate turn into a shell of a person ...." *Hopson*, 176 Conn. at 493, 408 A.2d 260. As there is no reason to conclude that her husband's death extinguished the plaintiff's individual claim for loss of consortium, I will not dismiss her claim for loss of consortium caused by the decedent's injuries before he died. For the foregoing reasons, the motion for summary judgment is denied and the motion to dismiss is granted as to the plaintiff's claim for loss of consortium resulting from death.

SO ORDERED.

---

soon amended to apply only to cases brought after October 1, 1979, 1979 Conn. Acts, ch. 631, § 107. Thus the new statute of limitations has a more limited retroactive effect than the 1976 statute.