Margaret J. REED, Administratrix of the Estate of Francis A. Reed, Plaintiff,

v.

PACIFIC INTERMOUNTAIN EXPRESS COMPANY, Maislin Transport of Delaware, Inc. and Raymond L. Mattey, Defendants.

Civ. A. No. B–83–502.

United States District Court, D. Connecticut.

Aug. 21, 1984.

Nicola E. Rubino, Kathryn Calibey, William R. Davis, Riscassi & Davis, P.C., Hartford, Conn., for plaintiff.

James J. Giulietti, Carl M. Porto, Parette, Porto & Parese, P.C., New Haven, Conn., Peter M. Nolin, John Crosskey, Day, Berry & Howard, Stamford, Conn., for defendants.

## RULING ON MOTION TO DISMISS

ZAMPANO, Senior District Judge.

This action, arising out of an automobile accident in which the plaintiff's husband was killed, is based on two causes of action. In the first count, the plaintiff, as administratrix, sues for damages on behalf of the estate of her husband pursuant to Connecticut's wrongful death statute, Conn.Gen.Stat. § 52–555.[1] The second count, brought by the plaintiff in her individual capacity, seeks a recovery for loss of consortium. Defendants now move to dismiss the claim for loss of consortium on the ground that it does not state a claim upon which relief can be granted under Fed.R. Civ.P. 12(b)(6).

In *Hopson v. St. Mary's Hospital*, 176 Conn. 485, 408 A.2d 260 (1979), the Connecticut Supreme Court overruled *Marri v. Stamford Street R. Co.*, 84 Conn. 9, 78 A. 582 (1911), and permitted recovery for loss of consortium by a married person whose spouse suffered personal injuries caused by the negligence of a third party. However, that court has not yet addressed the question of whether a person may recover for loss of consortium when a spouse's injuries result in death. This Court, therefore, "must make an estimate of what the state's highest court would rule to be its law." *Cunninghame v. Equitable Life Assurance Soc. of the United States*, 652 F.2d 306, 308 (2 Cir.1981). See also *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967).

Guidance is provided by the reasoning adopted by a number of lower state and federal courts that have considered the issue. The majority of these courts have concluded that a loss of consortium claim cannot be maintained under the wrongful death statute because that statute requires a cause of action to be brought by an "executor or administrator". This has been construed to preclude maintenance of an action under the statute by the deceased's dependents in their own right, and to allow damages only on the basis of what the deceased could have recovered had he or she survived. See *McRae v. General Motors Corp.*, No. N–81–294, slip op. at 2 (D.Conn. Sept. 23, 1981); *Hernandez v. Bristol Hospital*, No. H–81–344, slip op. at 4 (D.Conn. Sept. 1, 1981); *Leland v. Chawla*, 39 Conn.Sup. 8, 11, 467 A.2d 439 (1983); *Sullivan v. 43rd Aviation Flying Club*, 9 Conn.Law Trib. No. 2 at 16 (Super.Ct. July 20, 1982); *Demers v. Landry*, 7 Conn.Law Trib. No. 9 at 15 (Super.Ct. Oct. 31, 1980); *Nelson v. Innes Bros., Inc.*, 5 Conn.Law Trib. No. 21 at 15 (Super.Ct. May 3, 1979). But see *Hinde v. Butler*, 35 Conn.Sup. 292, 296, 408 A.2d 668 (1979) (damages for loss of consortium is within meaning of "just damages" under section 52–555). See generally Note, *Wrongful Death and Loss of Consortium In Connecticut*, 14 Conn.L. Rev. 631 (1982).

---

**1.** Conn.Gen.Stat. § 52–555 states:

In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of.

In the light of these formidable authorities, plaintiff concedes there is a serious doubt whether she can pursue her loss of consortium claim under Connecticut's wrongful death statute. However, she argues that her second count is a viable cause of action based on common law, independent of the wrongful death statute. An impressive number of superior court decisions agree with this argument. *Hesney v. Brensilver*, No. 075737 (Conn.Super.Ct., Judicial District of New London June 15, 1984); *Doak v. Ozenberger*, No. 041018 (Conn.Super.Ct., Judicial District of Middlesex June 11, 1984); *Torelli v. Hofbauer*, No. 40577 (Conn.Super.Ct., Judicial District of Middlesex March 16, 1984); *Hodgins v. Leach*, No. 249601, (Conn.Super.Ct., Judicial District of Hartford December 7, 1981); *Segretario v. Insurance Co. of North Am.*, No. 054872, (Conn.Super.Ct., Judicial District of Waterbury December 22, 1980); *Panagos v. Wall*, 6 Conn.Law Trib. No. 12 at 11 (Super.Ct. March 24, 1980); *Newport v. Wall*, No. 229616, (Conn.Super.Ct., Judicial District of Hartford September 4, 1979).

The rationale adopted by these courts in accepting a common law cause of action has appeal both in law and in logic. In *Hopson*, the Connecticut Supreme Court recognized that " '[i]nvasion of the consortium is an independent wrong directly to the spouse so injured,' " and authorized the joinder of a spouse's loss of consortium claim with that of the other spouse's claim for personal injuries. *Hopson*, 176 Conn. at 492, 408 A.2d 260 (quoting *Hitaffer v. Argonne Co.*, 183 F.2d 811, 815 (D.C.Cir.), cert. denied, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624 (1950)). The court reasoned:

> [i]t is a well-settled principle of law that a tortfeasor takes his victim as he finds him. Should the victim be married, it follows that the spouse may suffer personal and compensable, though not physical, injuries as a direct result of the defendant's negligence and that such injuries should not go uncompensated.

*Id.*, 176 Conn., at 493, 408 A.2d 260. See also Restatement (Second) of Torts, § 693, comment g.

Moreover, fairness and common sense dictate that there should be no distinction between the harms of loss of consortium resulting from personal injury and loss of consortium caused by death. A recognition of a common law right to recover for loss of consortium would remove the existing inequity in a spouse recovering damages for nonfatal injuries but not for fatal injuries to the other spouse. See generally Gutman, *A Separate Cause of Action for Loss of Consortium in Death Cases: Exorcising Ghosts of the Past*, 43 Alb.L.Rev. 1, 36 (1978).

However, despite the compelling policy considerations in favor of ruling otherwise, this Court is constrained to find that the Connecticut Supreme Court would not extend the principles enunciated in *Hopson* to death cases. Historically, the common law permitted recovery in negligence cases for personal injuries but not for death. *Foran v. Carangelo*, 153 Conn. 356, 216 A.2d 638 (1966) (spouse and children may not recover for loss of consortium in death case); *Lucier v. Hittleman*, 125 Conn. 635, 7 A.2d 647 (1939) (prohibition against recovery for damages by one other than the deceased in death actions "thoroughly embedded" in common law). An action for death in Connecticut is based solely on its wrongful death statute with "just damages" measured by the loss sustained by the decedent. Conn.Gen.Stat. § 52–555; *Katsetos v. Nolan*, 170 Conn. 637, 657, 368 A.2d 172 (1976); *Waldron v. Raccio*, 166 Conn. 608, 616, 353 A.2d 770 (1974).

A careful review of *Hopson* indicates that the court allowed a spouse to maintain a separate cause of action for the recovery of loss of consortium as an *additional* element of damages flowing from the underlying tort of negligence; it did not establish that the loss of consortium constituted a separate and distinct tort in common law. Although it is true the court discussed the independent nature of the harm to the spouse not physically injured, it emphasized that "a consortium action is derivative of the injured spouse's cause of

action" and would be "barred when the suit brought by the injured spouse has been terminated by settlement or by an adverse judgment on the merits." *Hopson,* 176 Conn. at 494, 408 A.2d 260.

In addition, it is doubtful that the Connecticut Supreme Court would find that the Legislature, in enacting the first Connecticut wrongful death statute in 1848, "left room" for the Judiciary to create new causes of action applicable to wrongful death. As noted by the California Supreme Court's decision in *Justus v. Atchison,* 19 Cal.3d 564, 139 Cal.Rptr. 97, 103, 565 P.2d 122, 128 (1977), it is logical to assume that the passage of a wrongful death statute, creating a right of recovery unknown to the common law, was intended to preclude further judicial initiative. See also *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625, 98 S.Ct. 2010, 2015, 56 L.Ed.2d 581 (1978). Over the years, the Legislature has failed to expand the class of beneficiaries in death actions, despite ample opportunities to do so. For example, in 1983, two amendments to the statute (House Bill 5826 and Senate Bill 834) were proposed in the Judiciary Committee of the Connecticut Legislature which would have added recovery for loss of consortium to the statute's remedies, but neither one was voted upon by the Legislature.

Under these circumstances, this Court concludes that the Connecticut Supreme Court would not recognize a claim for loss of consortium in a wrongful death action, and that "[i]f a change should be made, it is for the Legislature, and not the courts, to make." *Liff v. Schildkrout,* 49 N.Y.2d 622, 634, 427 N.Y.S.2d 746, 404 N.E.2d 1288 (1980). In so ruling, the Court is fortified by a recent "on all fours" federal decision in *Bauer v. Johns-Manville Corp.,* 599 F.Supp. 33 (D.Conn. June 12, 1984) wherein Judge Blumenfeld stated he was "persuaded that the Connecticut Supreme Court would not permit the plaintiff to recover damages for loss of consortium resulting from her husband's death." *Id.* at 36. See also *Leland* (surviving spouse does not have a common law cause of action for loss of consortium in wrongful death action); *Sullivan* (same); *Nelson* (same).

Accordingly, the defendant's motion to dismiss plaintiff's cause of action for loss of consortium is hereby granted.