*465 SUMMARY ORDER
Appellant Ellen Mariani’s (“Mariani”) husband, Louis Mariani, was a passenger on one of the planes flown into the World Trade Center on September 11, 2001. In 2001, Mariani filed a wrongful death and survival suit in the Southern District of New York against a number of parties, individually and on behalf of her husband’s estate. Mariani v. United Air Lines, No. 01-cv-11628 (AKH), 2001 WL 34134941 (S.D.N.Y. filed Dec. 20, 2001). In 2003, Louis Mariani’s daughter (Mariani’s stepdaughter), Lauren Peters (“Peters”), filed her own wrongful death and survival action in the Southern District of New York, individually and on behalf of Louis Mariani’s estate (the “Peters suit” or “Peters action”). Peters v. UAL Corp., No. 03-cv-6940(AKH) (S.D.N.Y. filed Sept. 10, 2003). Both suits were assigned to Judge Heller-stein in the Southern District.
On December 1, 2004, Mariani and Peters entered into an agreement in New Hampshire Probate Court in which Maria-ni agreed to resign as administrator of Louis Mariani’s estate and to allow a neutral administrator to replace her. The new administrator, according to the agreement, was to act to dismiss with prejudice the suit filed by Mariani in the Southern District and to continue the Peters suit. The agreement also provided that both Mariani and Peters agreed to cooperate with the estate’s counsel in the remaining New York action. John C. Ransmeier was appointed administrator pursuant to the procedure set forth in the agreement.
On March 22, 2005, the New Hampshire Probate Court held a hearing on an emergency motion by Peters to enforce the Probate Court agreement. Peters alleged that Mariani was not cooperating with the estate attorneys because, according to Peters, Mariani believed that under the agreement Mariam could remain as plaintiff with respect to her own individual claims in the Southern District suit that she had commenced. The Probate Court noted that, at the time of the Probate Court agreement, the Peters action included a claim personal to Mariani, namely for loss of consortium, which fact “substantiates the proposition that all claims in the first [Mariani’s] suit would be dismissed so that the same claims could be pursued in the second [Peters] suit.” The Probate Court explicitly held that the estate administrator was authorized to dismiss with prejudice Mariani’s Southern District suit in its entirety. The Probate Court also indicated that, under New Hampshire law, Mariani’s loss of consortium claim was encompassed by the wrongful death claim asserted in the Peters action. On April 1, 2005, counsel in the Peters action wrote a letter to the district court requesting dismissal of the Mariani suit and substitution of Ransmeier as administrator in the Peters suit. On April 4, 2005, the district court dismissed the Mariani action with prejudice and substituted Ransmeier as administrator. Mariani did not appeal the dismissal. More than two years later, on September 17, 2007, the New York district court ordered the case brought by Mariani closed, noting in the Order that the Peters suit was brought on behalf of Louis Maria-ni’s estate. On the same day, the district court ordered the Peters action closed pursuant to a settlement agreement among the parties to the consolidated September 11th litigation. Shortly thereafter, counsel representing the September 11th plaintiffs wrote to the district court asking for clarification: “While none of the legal representatives of the fourteen estates seeks restoration to your trial calendar, I have been made aware of one beneficiary in the matter of Ransmeier v. United Airlines et al, 03 Civ. 6940(AKH) [the Peters suit] who may wish to seek relief from this Court’s Order. I would like to afford that *466 beneficiary, if so desired and if that beneficiary has standing to do so, the opportunity to seek any relief before the court removes this matter from the trial docket.” The district court granted the enlargement counsel requested for this purpose.
On October 29, 2007, the district court denied an application by Bruce Leichty for pro hac vice status as counsel for Mariani, because, “[p]ursuant to [the] order of April 4, 2005, the person for whom the attorney seeks admission lacks legal status as a party.” On October 31, 2007, Mariani filed a motion “to intervene in and reopen Case No. 03 Civ 6940 [the Peters suit], or alternatively. reopen that case plus 01 Civ 11628 [the original Mariani suit].” In her motion, Mariani alleged she entered into the 2004 Probate Court agreement with Peters because she was advised to do so by her attorneys, but that she was unaware of its details, did not read it, and would not have signed it had she understood her own action would be dismissed. On November 5, 2007, the district court denied the motion to reopen and intervene, noting that Mariani’s counsel’s pro hac vice motion had been denied and stating that, “[a]s noted in ... Orders of April 4, 2005, and October 29, 2007, Ms. Mariani has no legal status in this action. The matters raised in Ms. Mariani’s motion must be raised before the probate court. This Court does not sit to review decisions of the probate court.” Mariani appealed.
Following briefing by the parties, the New Hampshire Supreme Court, on July 28, 2009, issued an unpublished order vacating a portion of a 2008 Probate Court’s order authorizing Ransmeier to settle all claims asserted in the Peters action. The New Hampshire Supreme Court held that an administrator has authority to settle a wrongful death case, but that the Air Transportation Safety and System Stabilization Act (“ATSSSA”), 49 U.S.C. § 40101 note et seq., provides a federal cause of action for damages from the September 11th airplane crashes premised upon the law of the state where the crash occurred — here, New York. The New Hampshire Supreme Court said that it could not rule on the applicability of New Hampshire law to Mariani’s loss of consortium claim, which she argues is individual to her and independent of the estate claims, because it is for the Southern District of New York to apply New York choice-of-law rules to determine what state’s law applies in determining the scope of the 2004 New Hampshire Probate Court agreement.[1] The New Hampshire Supreme Court vacated the Probate Court order only to the extent it held that the administrator had the authority to settle the loss of consortium claim along with those claims indisputably under the estate’s control.
The December 1, 2004 Probate Court agreement between Mariani and Peters is clear, however. Mariani agreed that the neutral administrator would “take the necessary actions to dismiss with prejudice the lawsuit brought by Ellen Mariani against United Airlines, et al., now pending in the U.S. District Court for the Southern District of New York ... [No.] 01 Civ. 11628(AKH).” She also agreed that the administrator would pursue the Peters action in its entirety, and that she would “cooperate fully with the *467 Estate’s counsel in pursuit of the New York [Peters] action.” Paragraph 53 of the Complaint in the Peters action, dated September 9, 2003, clearly indicates Peters’s intent to recover damages for loss of consortium on behalf of the beneficiaries of Louis Mariani’s estate. With these facts in mind, we cannot conclude that the district court abused its discretion in denying Mariani’s motion to reopen and for intervention and joinder. If Mariani would challenge the Probate Court agreement, she must do so in the Probate Court.
Accordingly, the district court’s order denying Appellant Mariani’s motion to reopen, intervene, or be joined as a plaintiff in interest is hereby AFFIRMED. Appel-lee’s motion under Federal Rule of Appellate Procedure 38 for a finding of frivolousness is DENIED. Any other outstanding motions are DENIED as moot.

. Curiously, while New Hampshire law appears to provide that an administrator can pursue a loss of consortium claim as part of a spouse's wrongful death action, subject to a $150,000 cap on the award, N.H.Rev.Stat. § 556:12(11); Tanner v. King, 102 N.H. 401, 157 A.2d 643 (1960), New York law does not allow loss of consortium claims as part of a wrongful death action in most cases, Liff v. Schildkrout, 49 N.Y.2d 622, 633, 427 N.Y.S.2d 746, 404 N.E.2d 1288 (1980).