## ELSIE B. HOOKER
### *vs.*
## EDWARD M. BRADLEY, EXTR., ET ALS.

Superior Court        New Haven County        File #54892

MEMORANDUM FILED DECEMBER 15, 1938.

George J. Grady, of New Haven; Edward L. Reynolds, of New Haven, for the Plaintiff.

Hoyt & Hoyt, of New Haven; Watrous, Hewitt, Gumbart & Corbin, of New Haven, for the Defendants.

DICKENSON, J. The plaintiff claims undue influence as to the defendant personally who is now executor of the testator's will. She addressed a previous motion to disclose to "the defendant Edward M. Bradley" which was denied on the ground that Bradley personally was not a party to the action. She renews the motion, coupled with one to produce for inspection, against Bradley as executor. She asks a disclosure and production of personal and business books of Bradley that may relate to business affairs of the testator.

Disobedience of compliance with such an order is punished with nonsuit or default and not by contempt proceedings as would be the case for failure to respond to a subpoena *duces tecum*. It is apparent, as was indicated in the prior memorandum, that a line must be drawn between what Bradley has and knows personally and whatever he has and knows as executor. If he is directed as executor to disclose and produce what he knows and has personally and disobeys, the estate is punished by a default rather than him personally. And as was stated in the earlier memorandum he cannot be personally directed to disclose or produce because he is not a party to the action personally.

The motion is therefore granted to the extent that he disclose the information requested that he has as executor and produce such documents requested as he may have as executor.

As has been suggested such information and documents as Bradley may have personally must be obtained from him as a witness and not as a party to the action.