[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION TO REQUEST FOR PRODUCTION OF MEDICAL RECORDS
In this action, the plaintiff claims that the defendant, A. William Mottolese, was the attorney who prepared the will of William Schetter, executed on October 12, 1987. In that will, the plaintiff claims Mr. Schetter's manifested intention was to devise his residuary estate, including real property at 33 Morgan Avenue, Greenwich, Connecticut, to the plaintiff, Sharon Milboer. The will designated the defendant as executor. This will replaced an earlier will dated August 9, 1985.
The earlier will had been executed jointly with the will of CT Page 9885 Schetter's wife, Dora, and each will had named one Max Peters as residuary beneficiary.
Mr. Schetter died on December 11, 1987. Upon his death, the real property at 33 Morgan Avenue, which he owned jointly with his wife, Dora, passed to his wife through survivorship. This frustrated Schetter's intention that the real property pass to the plaintiff as part of his residuary estate, because Dora Schetter's reciprocal will of August 9, 1985, named Max Peters as beneficiary. At the time of Mr. Schetter's death, the plaintiff claims that no arrangement, including the execution of a reciprocal will by Dora Schetter, had been made to enable the decedent's testamentary intent to be achieved.
Mr. Schetter was 83 years of age and in frail health when he executed his will on October 12, 1987. Dora Schetter had earlier been declared incompetent and a conservatrix had been appointed for her. Dora Schetter died on December 27, 1987.
The real property passed to others than the plaintiff under the will of Dora Schetter. The plaintiff consequently claims negligence of the defendant and a breach of contract by the defendant affecting the plaintiff as third-party beneficiary.
Specifically, the plaintiff alleges negligence and breach by the defendant, in that:
(a) He failed to ascertain whether Mr. Schetter held title to the property at 33 Morgan Avenue, Greenwich, Connecticut;
(b) He failed to advise Mr. Schetter that in order to bequeath the property to Sharon Milboer the joint tenancy between him and his wife must be terminated;
(c) He failed to prepare and advise Mr. Schetter to execute documents which would terminate the joint tenancy;
(d) He failed to advise Mr. Schetter of his right to bring an action to terminate the joint tenancy;
(e) He failed to seek an order of the court pursuant to General Statutes 45a-662 that Mr. Schetter's interest in the property be conveyed by the conservatrix to Mr. Schetter;
(f) He failed to commence an action on Mr. Schetter's CT Page 9886 behalf to partition the property.
The plaintiff had filed various requests for production, including a request that the defendant produce:
 Written authorization enabling the plaintiff's representatives to obtain records, reports and bills pertaining to medical treatment rendered to William Schetter during the one-year period immediately preceding December 11, 1987. (Please supply)
The defendant had objected to this request on the basis of lack relevancy and since neither the decedent's estate nor A. William Mottolese, as executor of the estate of William Schetter, has been made a party, on the basis that the defendant has no authority to authorize the disclosure of these confidential records in his individual capacity.
On March 22, 1993, this court sustained the objection to this request without prejudice to the plaintiff submitting legal authority in support of her request.
The plaintiff has filed a memorandum in support of her motion to reargue and the defendant has filed a reply memorandum to the motion. The court has heard the parties at short calendar and considered the memoranda of the parties.
Even if the court agrees that the information sought by the plaintiff was relevant to the issues in this case or at least reasonably calculated to lead to the discovery of admissible evidence bearing on the reasonableness of care exercised by attorney Mottolese with respect to Mr. Schetter's will, the court sees no reason to reverse its previous ruling.
Conceding that an executor has authority to authorize the disclosure of the decedent's medical records, the fact remains that the defendant, Mottolese, has been sued in his individual capacity as the attorney for the decedent, William Schetter. He is not a party to this action in his capacity as executor of the estate of William Schetter.
The defendant has cited cases, such as Isaac v. Mount Sinai Hospital, 3 Conn. App. 598 (1985), Cofrancesco v. Smith,29 Conn. Sup. 139 (1971), Leland v. Chawla, 39 Conn. Sup. 8 (1983), and Hooker v. Bradley, 6 Conn. Sup. 487 (1938), which indicate that CT Page 9887 one who sues or is sued in an individual capacity is legally distinct from any capacity he or she may have as a legal representative of an estate, so that an action by or against one as an individual confers no standing upon that person in his or her function as administrator or executor of an estate. See also, Hartford National Bank Trust Co. v. Malcolm-Smith.129 Conn. 67 (1942).
The plaintiff has cited no precedent to the contrary.
The objection to the specific request because it requires execution of authorization by a non-party for the production of confidential medical records of a decedent is sustained; but, the objection is overruled as to any medical records the defendant obtained in his individual capacity as an attorney representing the decedent during his lifetime.
NIGRO, J.