JAMES E. FORAN ET AL. *v.* JOHN CARANGELO

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 10, 1965—decided January 25, 1966

*Jerome M. Griner,* for the appellants (plaintiffs).

*Philip S. Walker,* with whom were *Leonard G. Tracy* and, on the brief, *Ralph C. Dixon,* for the appellee (defendant).

KING, C. J. This was an action in four counts brought against the defendant, an obstetrician, for breach of contract in his manner of providing professional care and treatment to Nora Foran, the wife of the named plaintiff.

In each of the first two counts it was alleged that the husband had requested the defendant to provide the wife, who was then pregnant, with obstetrical

care and treatment, both prenatal and at delivery; that the defendant entered upon that service; and that as a result of the defendant's "unworkmanlike" treatment, the wife died in the late afternoon of March 9, 1960, the same day on which delivery by Caesarean section had commenced.

In the first count, the sole plaintiff is the husband, and it was further alleged that, ever since the date of his wife's death, he has been, and forever will be, deprived of his wife's love, companionship, services and consortium. In a separate sentence, it is alleged that as a result of the breach of contract he has suffered much mental pain and anguish and has been obliged to incur great expense. It is under the allegations of this sentence that the plaintiff is claiming certain antemortem, as well as post-mortem, elements of damage.

The plaintiffs in the second count are all of the named plaintiff's minor children, who are suing through their father as next friend, as claimed third party beneficiaries of the contract alleged in the first count. They sought damages for the loss of the care and affection of their mother from the date of her death.

The third count, in which the husband is the sole plaintiff, alleges that on March 1, 1958, he requested the defendant to provide the wife, who was then pregnant, with obstetrical care and treatment, both prenatal and at delivery by Caesarean section, and, in addition, at the time of delivery to perform an hysterectomy, and that the defendant undertook that service. The breach here alleged is the nonper-formance of the hysterectomy, which in turn per-mitted the pregnancy referred to in the first two counts of the complaint which resulted in the death of the named plaintiff's wife. The allegations of

damage are substantially identical with those in the first count.

The plaintiffs in the fourth count, as in the second, are all of the named plaintiff's minor children, suing through their father as next friend and as claimed third party beneficiaries of the hysterectomy contract in the third count, and as damages from the breach thereof the minor plaintiffs claim the loss of the care and affection of their mother from the date of her death.[1]

Identical demurrers were addressed to each of the four counts and were sustained by the court on the first four of the five grounds asserted in them.

## I

We first discuss counts two and four, in which the minor children are the plaintiffs, since it is clearly the fact, and the plaintiffs concede, that the only damage claimed in either of these counts arose subsequent to, and necessarily directly flowed from, the death.

Death, at common law, is not a recoverable element of damage. *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 668, 136 A.2d 918. This seems to be the general rule. 22 Am. Jur. 2d, Death, § 1. The same rule applies to any element of damage directly flowing from death. *Lucier* v. *Hittleman,* 125 Conn. 635, 637, 7 A.2d 647; 41 Am. Jur., Physicians and Surgeons, §§ 117, 120. In other words, death and its direct consequences can constitute recoverable elements of damage only if, and to the extent that, they are made so by statute. *Broughel* v. *Southern*

---

[1] Even the youngest child, who presumably would not have been born if the hysterectomy had been performed, is included as a party plaintiff seeking damages from the defendant for not having performed the hysterectomy.

*New England Telephone Co.,* 72 Conn. 617, 620, 45 A. 435; *Kling* v. *Torello,* 87 Conn. 301, 306, 87 A. 987. To the extent that cases such as *Porpora* v. *New Haven,* 122 Conn. 80, 95, 187 A. 668, and *Giambozi* v. *Peters,* 127 Conn. 380, 386, 16 A.2d 833, hold to the contrary, they are overruled, and the case of *Burkhardt* v. *Armour & Co.,* 115 Conn. 249, 253, 161 A. 385 (overruled in *Porpora* v. *New Haven,* supra, 96), is reaffirmed. By our wrongful death statute (General Statutes § 52-555), death is made an element of damage for which recovery may be obtained pursuant to the procedure specified in that statute. But the statutory right of action belongs, in effect, to the decedent, and to the decedent alone, and damages are recoverable "for the death . . . as for one of the consequences of the wrong inflicted upon the decedent." *Kling* v. *Torello,* supra, 305; *Floyd* v. *Fruit Industries, Inc.,* supra. "[T]he cause of action . . . [authorized by the statute] is a continuance of that which the decedent could have asserted had he lived" and to which the death may be added as an element of damage. *Chase* v. *Fitzgerald,* 132 Conn. 461, 467, 45 A.2d 789; *Floyd* v. *Fruit Industries, Inc.,* supra.[2]

---

[2] Death or its direct consequences could not survive as recoverable elements of damage except by virtue of the wrongful death statute, General Statutes § 52-555. *Broughel* v. *Southern New England Telephone Co.,* 72 Conn. 617, 622, 45 A. 435. Our survival statute (§ 52-599) does prevent an action or right of action from being lost, under the common-law rule, by the death of the possessor. Ibid. But no person, during his lifetime, can possess an action or right of action embracing, as elements of damage, his own death or any of its direct consequences. Thus, such elements of damage do not survive by virtue of the survival statute. They can survive only by virtue of the wrongful death statute. This principle was also overlooked in the *Porpora* and *Giambozi* decisions. See *Porpora* v. *New Haven,* 122 Conn. 80, 95, 187 A. 668; *Giambozi* v. *Peters,* 127 Conn. 380, 386, 16 A.2d 833; see also *Perlstein* v. *Westport Sanitarium Co.,* 11 Conn. Sup. 117, 127.

The minor plaintiffs point out that they are not seeking recovery for any damage sustained by the decedent herself or by her estate, whether for wrongful death or otherwise, but on the contrary are seeking recovery for damage sustained by themselves alone. They agree that the wrongful death statute is wholly inapplicable to their claim. The weakness in their position is that the only elements of damage which they allege directly flowed from the loss of their mother's care and affection because of her death, and they have not brought themselves within the terms of any statute authorizing a recovery of such postmortem elements of damage. Consequently the minor plaintiffs have stated no valid cause of action on their own behalf, and the demurrers were properly sustained to counts two and four for the foregoing reasons, which were embraced in the first three grounds of each demurrer.

The minor plaintiffs make much of the claimed injustice of this result. In so doing they overlook the liberal character of our wrongful death statute and the benefits which it confers. Indeed, these benefits would not exist but for the statute. Furthermore, our statutory cause of action works out much more fairly than wrongful death statutes patterned on Lord Campbell's Act, 9 & 10 Vict. c. 93. *Floyd* v. *Fruit Industries, Inc.,* supra, 676. Indeed, in its clarity and simplicity our statute obviates most, if not all, of the complexities and inequities inherent in the Lord Campbell type of statute. See, for instance, 22 Am. Jur. 2d, Death, §§ 28-30, 47-75, 98. Had suit been properly instituted under our wrongful death statute by the decedent's executor or administrator, within the time limited in that statute (see *Baker* v. *Baningoso,* 134 Conn. 382, 384, 58 A.2d 5), and if liability on the part of this

defendant in contract or tort or both had been proven, the minor plaintiffs, as well as the plaintiff husband, would almost certainly have shared in the proceeds of any recovery. This is because those proceeds would have had to be distributed pursuant to § 45-280 of the General Statutes, as amended by Nos. 68 and 458 of the 1961 Public Acts. Why an action was not instituted under the wrongful death statute does not appear. But certainly a statute cannot fairly be attacked as unjust by one who has failed to avail himself of its beneficial provisions.

## II

We turn now to a consideration of the first and third counts, in which the named plaintiff is the sole plaintiff. What has been said is also adversely dispositive of any right of action on the part of the plaintiff husband insofar as he seeks recovery for elements of damage which directly resulted from his wife's death. In his brief he claims to be seeking recovery, inter alia, for funeral expenses. Funeral expenses obviously are postmortem in nature and flow directly from death and from death alone. As such they are not recoverable unless clearly made so by statute. See *Reynolds* v. *Maisto,* 113 Conn. 405, 407, 155 A. 504. The only statute which in terms permits recovery of funeral expenses is the wrongful death statute, as amended subsequent to the decision in the *Reynolds* case. This right of recovery is implemented by General Statutes § 45-280, which accords to "all funeral bills" priority of payment from the proceeds of any recovery under the wrongful death statute, and by General Statutes § 45-229, which accords, in any decedent's estate, priority to funeral expenses in a degree equal to an administration expense.

It is true that under General Statutes § 46-11 funeral expenses are not only a primary liability of the estate of a decedent but a secondary liability of a surviving spouse. See cases such as *Theron Ford Co.* v. *Dudley,* 104 Conn. 519, 528, 133 A. 746. But neither this statute nor § 52-204 authorizes the recovery by the surviving spouse, in his individual capacity, of an element of damage, such as funeral expenses, directly flowing from death. In short, if the first and third counts had been clearly limited, as were the second and fourth, to claims of damage directly flowing from the wife's death, the demurrers to the first and third counts would have been properly sustained.

Basically, each demurrer, although on several grounds, raised only the claim that, except under the wrongful death statute, there was no right of recovery of damages for the death of a human being, or any element of damage directly resulting from that death, and the further claim that no cause of action was set forth in any count of the complaint which complied with the requirements of that statute. In other words, the demurrers reached only the postmortem elements of damage. But elements of antemortem damage are not consequences of death and are wholly unattacked by the demurrers as now drawn. Practice Book § 107. The plaintiff, in his brief, claims certain antemortem elements of damage, and it cannot be said that at least some of them would not fall within the purview of the allegations of the complaint previously referred to. The fact that some or all, on grounds other than those raised in the demurrers, may not constitute recoverable elements of damage does not justify the action of the court below in sustaining the demurrers, on any of the grounds asserted in

them, to the entire first and third counts of the complaint, and the court was in error in so doing. See cases such as *Folwell* v. *Howell,* 117 Conn. 565, 568, 169 A. 199.

## III

It is unnecessary to discuss the technical procedural error claimed by the plaintiffs in the court's acquiescence in the filing, and the court's consideration, of the instant demurrers, which were filed after the overruling of a prior demurrer addressed to the complaint as an entirety. The claimed error was harmless as to the second and fourth counts since on any theory each of these two counts failed to state a valid cause of action. In view of the error as to the sustaining of the demurrers to the first and third counts, the claimed procedural error necessarily has become harmless as to each of those two counts.

A finding was probably desirable, if not essential, for a proper review of the foregoing procedural claim of error. It was, however, a wholly improper method of raising the claims of error based on the sustaining of the demurrers. These claims must be determined on the pleadings and the pleadings alone. A finding, in that connection, was wholly inappropriate and served merely to confuse the issues as to the rulings sustaining the demurrers.

## IV

There is no error in the sustaining of the demurrers to the second and fourth counts and in the rendition of judgment for the defendant, after demurrer sustained, on each of those counts; there is error in the sustaining of the demurrers to the first

and third counts, and as to them, only, the judgment rendered for the defendant after demurrer sustained is set aside and the case is remanded with direction to overrule the demurrers respectively addressed to the first and third counts.

In this opinion the other judges concurred.