LEO DOUCETTE, ADMINISTRATOR (ESTATE OF AUGUST LEVESQUE) *v.* ARTHUR W. BOUCHARD ET AL.

SUPERIOR COURT     HARTFORD COUNTY     FILE No. 164260

Memorandum filed March 20, 1970

*Cianci, Reicher & Proulx,* of New Britain, for the plaintiff.

*Day, Berry & Howard,* of Hartford, for the defendants.

RUBINOW, J. The complaint alleges that the plaintiff's decedent was injured by the defendants' negligence on October 4, 1968; that he died on November 15, 1968; and that he suffered "extreme pain, suffering and mental anguish" before his death. The complaint was served on November 13, 1969, according to the officer's return. The defendants have demurred to the complaint on the ground that the action was not brought within the one-year period limited by General Statutes § 52-555 for wrongful death actions.[1] For the purpose of this proceeding, the plaintiff has agreed that the demurrer may be sustained if the one-year limitation is applicable. See *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 171 (parties may agree that complaint sets forth all facts relevant to the question whether the Statute of Limitations bars the action).

At common law, a person's death had two consequences with respect to a claim for personal injuries. First, death abated any pending action to recover for those injuries, and suit could not be brought by the decedent's personal representative to recover for those injuries. Second, no action could be brought for damages for destruction of human life. *Perl-*

---

[1] "Sec. 52-555. ACTIONS FOR INJURIES RESULTING IN DEATH. In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within one year from the date when the injury is first sustained or discovered . . . ." (The one-year limitation was changed to two years by Public Acts 1969, No. 401 § 1, but that act does not apply to this action.)

*stein* v. *Westport Sanitarium Co.,* 11 Conn. Sup. 117, 119. These common-law rules have been changed by legislation which is now General Statutes §§ 52-555 and 52-599.[2] The relationship between these two statutes has been the subject of several cases, one of which *(Burkhardt* v. *Armour & Co.,* 115 Conn. 249, 253) was overruled and then reaffirmed (see *Foran* v. *Carangelo,* 153 Conn. 356, 360), and two of which *(Porpora* v. *New Haven,* 122 Conn. 80, 95, and *Giambozi* v. *Peters,* 127 Conn. 380, 386) have been overruled (see *Foran* v. *Carangelo,* supra). It is worthy of note that the overruling of *Porpora* and *Giambozi* was predicted twenty-four years before they were overruled in *Foran* v. *Carangelo.* See *Perlstein* v. *Westport Sanitarium Co.,* supra, 128, which has an excellent discussion of the distinction between the two statutes.

In *Foran* v. *Carangelo,* supra, 359, 360 n.2, the Supreme Court reaffirmed the purpose of General Statutes § 52-555 to be to change the common-law rule that damages would not be awarded for the destruction of human life. "In other words, death and its direct consequences can constitute recoverable elements of damage only if, and to the extent that, they are made so by statute." *Foran* v. *Carangelo,* supra, 359. If a personal representative seeks a recovery for both death and antemortem injuries, damages for both must be claimed in the same action *(Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 669), but the antemortem-damages claim does not depend on General Statutes § 52-555 for its validity.

The purpose of General Statutes § 52-599 is to prevent "an action or right of action from being lost, under the common-law rule, by the death of the pos-

---

[2] "Sec. 52-599. SURVIVAL OF ACTIONS AND CAUSES OF ACTIONS. No cause or right of action shall be lost or destroyed by the death of any person, but it shall survive in favor of or against the executor or administrator of such deceased person. . . ."

sessor." *Foran* v. *Carangelo,* supra, 360 n.2. Under this statute, the cause of action which the decedent had, while he was alive, for his antemortem injuries, survives to his personal representative. See *Floyd* v. *Fruit Industries, Inc.,* supra, 668. So, if, for example, the plaintiff's decedent had sustained injuries and died thereafter from natural causes, his personal representative could prosecute the action for the personal injuries. In that case, under the provisions of General Statutes § 52-594,[3] the personal representative would be allowed one additional year from the date of the decedent's death to institute the action, assuming that the limitation period had not expired by the time of the decedent's death.

In the instant case, the complaint contains a claim for damages for antemortem pain and suffering. As noted previously, that claim exists independently of General Statutes § 52-555. The requirement in that statute that the action be instituted within one year from the date of injury applies only to an action for such damages as would not have been recoverable at common law, i.e. damages resulting from the destruction of human life. Since the instant action was not instituted within one year from the date of the injury, the one-year limitation in General Statutes § 52-555 is available as a defense to a claim for such damages. Since antemortem injuries are specifically alleged in the instant case, however, neither the one-year limitation in General Statutes § 52-555 nor the applicable one-year limitation in

---

[3] "Sec. 52-594. LIMIT FOR EXECUTOR OR ADMINISTRATOR TO BRING PERSONAL ACTION THAT SURVIVES. In any case in which the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, has not elapsed at the time of his decease, the term of one year from the time of such decease shall be allowed to his executor or administrator to institute a suit therefor; and, in computing the times limited in this chapter, in the cases aforesaid, such term shall be excluded from the computation."

General Statutes § 52-584[4] bars the action; the limitation in the former statute does not apply to a claim for antemortem damages, and the one-year period in the latter statute is extended by General Statutes § 52-594.

The demurrer is overruled.

---

[4] "Sec. 52-584. LIMITATION OF ACTION FOR INJURY TO PERSON OR PROPERTY. No action to recover damages for injury to the person . . . caused by negligence . . . shall be brought but within one year from the date when the injury is first sustained or discovered . . . ." (The one-year limitation was changed to two years by Public Acts 1969, No. 401 § 2, but that act does not apply to this action.)