RICHARD H. QUINN ET AL. *v.* THOMAS GILORMINE ET AL.

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 138482

Memorandum filed May 1, 1975

*Bershtein & Silverman,* for the plaintiffs.

*James O'C. Shea,* for the named defendant et al.

*Gormley & Dwyer,* for the defendant General Leisure Mowers et al.

*Francis J. Moran* and *Donald G. Walsh,* for the defendant John R. Gibbons et al.

McCARTHY, J. The defendants Gilormine demur to the seventh count of the complaint by a wife for the medical expense of her injured husband on the grounds that General Statutes § 52-204 limits a claim for medical expense to the husband or parent of an injured person and that there is no such cause of action for a wife. The plaintiff wife alleges to the contrary that she has such a cause of action grounded in her liability for such expense under General Statutes §§ 17-320 and 46-10.

There does not appear to be any reported local precedent. The Gilormines' reliance on *Foran* v. *Carangelo,* 153 Conn. 356, is inapposite since that case involved funeral expense flowing post mortem from death alone and therefore not recoverable by statute. Id., 362.

While there was no action at common law for wrongful death, that was not the case with medical expense. *Saunders* v. *Schultz,* 22 Ill. App. 2d 402. Recognizing that married woman statutes permit a wife to sue in her own right, most of the jurisdictions which have considered the issue in this case have concluded, as does this court, that a wife has a common-law right of action for the medical expense of her husband. *Follansbee* v. *Benzenberg,* 122 Cal. App. 2d 466; *Saunders* v. *Schultz,* 20 Ill. 2d

301; *Hansen* v. *Hayes,* 175 Ore. 358; note, 42 A.L.R.2d 843. Under local law, a wife is responsible for the medical expense of her husband. Her corresponding right of action against a third party whose liability occasioned that expense is simple and inexorable logic and equity grounded in the married woman property law, General Statutes § 46-9.

In light of the above holding which allows a wife a cause of action for her husband's medical expense absent an express enabling statute, General Statutes § 52-204 is not a bar. That statute simply permits or facilitates recovery directly by an injured wife or child, by the sanctioned transferral of right or derivatively, of the expenses incurred by a husband or parent, respectively. However ineptly lacking, chauvinistic, or unconstitutionally discriminatory in that particular, for at least reciprocal spousal sanction, the statute certainly and savingly does not purport to debar direct recovery in her own right by a wife responsible at law for the expense of her husband's injury.

On the ground of the wife's common-law right of action, the demurrer is accordingly overruled.