[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT OESTREICHER'S MOTIONS TO DISMISS CT Page 358
On December 4, 1990, the plaintiff, the Commissioner of Environmental Protection, filed an environmental enforcement action against the defendants, John Orsini and Andrew Forte, for violating Order No. HM-493, an Order by the Commissioner of Environmental Protection issued in connection with real property located at 202, 208, 212, and 222 County Road in Madison, Connecticut. The plaintiff alleges that the failure of defendants Orsini and Forte to comply with this Order violated the following provisions of the Connecticut Environmental Protection Statutes: General Statutes 22a-6,22a-6a, 22a-16, 22a-18, 22a-131, 22a-433, 22a-435, and 22a-438. The plaintiff seeks injunctive relief, civil penalties, and equitable relief.
On October 22, 1991, defendants Orsini and Forte filed their answer and special defenses; defendants Orsini and Forte also moved for permission to implead Charles V. Arcangelo, James Arcangelo, and Robert Harbut. On November 4, 1991, the court, Walsh, J., granted the defendants' motion to implead. Thereafter, defendants/third-party plaintiffs Orsini and Forte filed a third-party complaint, dated November 8, 1991, against the third-party defendants, Charles V. Arcangelo, James Arcangelo, and Robert Harbut.
Following Harbut's death in March of 1993, the plaintiff and defendants/third-party plaintiffs Orsini and Forte filed motions to substitute Norman Oestreicher, personal representative of the estate of Harbut, as a defendant and a third-party defendant, respectively. The court, Hennessey, J., granted both motions to substitute on May 8, 1993. An appearance was filed on behalf of Oestreicher on June 28, 1993.
On August 3, 1993, with accompanying memoranda of law, Oestreicher filed identical motions to dismiss the plaintiff's complaint on the ground that the court lacks personal jurisdiction over him. (See Motions to Dismiss #147 and #148.) On August 13, 1993, the plaintiff filed a memorandum in opposition to Oestreicher's motions to dismiss. (See Memorandum in Opposition #150.) On August 4, 1993, defendants/third-party plaintiffs Orsini and Forte filed an CT Page 359 objection and memorandum of law in opposition to Oestreicher's motions to dismiss. (See Objection and Memorandum in Opposition #149.)
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citation omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book 142 and 143. "[T)he rules of practice require the defendant to challenge [personal] jurisdiction by a motion to dismiss." Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 53,459 A.2d 503 (1983), citing Practice Book 142, 143(2), and 144.
Oestreicher argues that this court lacks personal jurisdiction over him because the plaintiff's cause of action does not survive the decedent. The plaintiff argues that because Oestreicher is testing the legal sufficiency of this action, he must do so by filing a motion to strike in lieu of a motion to dismiss. Alternatively, the plaintiff argues that the present cause of action survives the decedent.
A motion to dismiss for lack of personal jurisdiction over a defendant "involves a two-part inquiry. The first inquiry is whether the applicable state long arm statute authorizes the assertion of jurisdiction over the defendant; and, if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process." Hart, Nininger 
Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619, 624,548 A.2d 758 (1988), citing Frazer v. McGowan, 198 Conn. 243,246, 502 A.2d 905 (1986).
GENERAL STATUTES 52-599
The common law held that a "personal" action did not survive the death of a claimant. Ladd v. Douglas Trucking Co.,203 Conn. 187, 193, 523 A.2d 1301 (1987). General Statutes52-599, also known as the survival-of-actions statute, CT Page 360 however, is "in derogation of the common law." Hayes v. Smith,194 Conn. 52, 62, 480 A.2d 425 (1984). "The purpose of General Statutes 52-599 is to prevent `an action or right of action from being lost, under the common-law rule, by the death of the possessor.'" Doucette v. Bouchard, 28 Conn. Sup. 460,462-63, 265 A.2d 618 (Super.Ct. 1970), quoting Foran v. Carangelo, 153 Conn. 356, 360 n. 2, 216 A.2d 638 (1966).
A cause of action survives the death of any person "in favor of or against the executor or administrator of the deceased person." General Statutes 52-599(a). General Statutes 52-599 provides the following in pertinent part:
 [a] civil action or proceeding shall not abate by reason of the death of any party thereto, but may continue by or against the executor or administrator of the decedent. . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and upon due service and return of the order, the action may proceed.
General Statutes 52-599(b). Although Oestreicher's title is that of a "personal representative," this title may be classified as an executor or administrator. See Gulack v. Gulack, 30 Conn. App. 305, 317, 620 A.2d 181 (1993), citing Bowne v. Ide, 109 Conn. 307, 311, 147 A. 4 (1929). Therefore, for purposes of General Statutes 52-599(a), the court finds that Oestreicher is the executor or administrator of decedent Harbut.
Oestreicher was substituted into this action in place of decedent Harbut within the prescribed one-year period pursuant to General Statutes 52-599(b). Therefore, unless Oestreicher falls within one of the exceptions to the survival-of-actions statute, the plaintiff's action survives decedent Harbut's death. See CHRO v. Greenwich Catholic Elementary School System, Inc., 202 Conn. 609, 614,522 A.2d 785 (1987), citing General Statutes 52-599(c). CT Page 361
The provisions of General Statutes 52-599
 shall not apply: (1) To any cause or right of action or to any civil action or proceeding the purpose or object of which is defeated or rendered useless by the death of any party thereto, (2) to any civil action or proceeding whose prosecution or defense depends upon the continued existence of the persons who are plaintiffs or defendants, or (3) to any civil action upon a penal statute.
General Statutes 52-599(c). Oestreicher argues that the plaintiff's present case does not survive General Statutes52-599(c) because it was brought pursuant to a penal statute. The plaintiff, charged with the enforcement and adoption of environmental standards pursuant to General Statutes 22a-6, argues that General Statutes 52-599(c)(3) does not bar the present action since environmental enforcement actions are remedial and equitable statutes.
"[I]t is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement." (Citations omitted; internal quotation marks omitted.) Starr v. Commissioner of Environmental Protection, 226 Conn. 358, 372, A.2d (1993). Analogously, the Connecticut Supreme Court has held that the Connecticut Water Pollution Control Act, set forth in General Statutes 22a-416 through 22a-484, mandates that the Commissioner of Environmental Protection "be given broad powers under the act to issue orders necessary to correct existing and potential sources of pollution and to achieve the remedial purposes of the act." Id., 382. "Environmental statutes, considered remedial in nature, are to be construed liberally to reach the desired result." Id., citing Manchester Environmental Coalition v. Stockton,184 Conn. 51, 57, 441 A.2d 68 (1981). The Connecticut Supreme Court has reasoned that because the goal of environmental enforcement actions "is restitutionary, or equitable, in nature, . . . environmental enforcement actions under our state's environmental statutes are primarily equitable." Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., 227 Conn. 175, 187, ___ A.2d ___ (1993). CT Page 362
Characterizing the alleged state environmental statutes as equitable or remedial is consistent with recent Connecticut Supreme Court decisions. See Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., supra; Starr v. Commissioner of Environmental Protection, supra; Manchester Environmental Coalition v. Stockton, supra. Also, holding Oestreicher accountable for decedent Harbut's alleged violations of the environmental protection statutes is a desired result because the death of an alleged perpetrator of pollution should not dismiss all responsibilities associated with such conduct.
Because the substance and effect of environmental statutes are equitable and remedial; see Starr v. Commissioner of Environmental Protection, supra; Commissioner of Environmental Protection v. Connecticut Bldg. Wrecking Co., supra; the present cause of action may continue against Oestreicher.
Finally, Oestreicher argues that the present case may not continue against him on the ground that injunctive relief is improper against a deceased person. The injunctions sought by the plaintiff are directed toward specific real property rather than a specific individual. An injunction against real property may survive the death of an individual. The present cause of action may continue against Oestreicher.
Accordingly, for the reasons stated Oestreicher's motions to dismiss are denied.