[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In counts two and three of the complaint, the minor plaintiffs, Nichole and Douglas Medina, are seeking damages for the loss of consortium from November 1991 to April 1996, arising from physical injuries and disabling of their mother, Janet.
The defendants have moved to strike three counts, arguing Connecticut only recognizes consortium losses of a spouse.
The Supreme Court has recognized a spouse's claim for loss of consortium since Hopson v. St. Mary's Hospital,176 Conn. 485. Although a number of trial courts have extended the doctrine to minor children, others have not. The split of authority is nearly even in the Superior Court reported cases.
The Appellate Court has written in Mahoney v. Lensink,17 Conn. App. 130 at 141.
 "The right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent child relationship.[7]"
In footnote 7, the court observed:
 "No appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies."
In Clark v. Romeo, 561 F. Sup. 1209, (D. Conn., 1983), the court said:
 "It is clear that the Connecticut Supreme Court in Hopson (supra) limited its consortium ruling to the marriage relationship." (Citation omitted.) Neither the courts rationale nor any reasonable inference to be drawn therefrom permits a conclusion that it intended to overrule its prior decision which proscribed loss of consortium claims by minor children."
Consortium was defined in Hopson "as encompassing the services of the wife, the financial support of the husband, and the variety of intangible relations which exist between spouses living together in marriage." Hopson v. St. Mary's Hospital,
supra at page 487. Whatever changes may have come about in the CT Page 4213-NN present day with respect to the roles of husband and wife, the relationship of parent and child is far different than that between spouses.
In view of the prior decisions of the Supreme Court inForan v. Carangelo, 153 Conn. 356, and Taylor v. Keefe,134 Conn. 156, and the Appellate Court and United States District Court decisions, this court will grant the motion to strike counts two and three.
/s/ McDonald, J. McDONALD