[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
On September 12, 1995, the administratrix of the estate of Michael A. Mills, Jr., (the "decedent"), along with Jo Ann DeBarros and Michael A. Mills, Sr., the parents of the decedent, filed a three count complaint against the defendant, Ansonia Community Action, Inc. ("Action"). The plaintiffs allege that the decedent's fatal injuries, sustained while on an outing sponsored by Action, were proximately caused by the defendant's negligent supervision of the decedent. In the second and third counts of the complaint, the decedent's parents individually seek damages for the deprivation of the "support, care, comfort, love and companionship" of the decedent.
The defendant has now filed a motion to strike the second and third counts of the complaint, claiming that Connecticut does not CT Page 5704 recognize a claim for loss of filial consortium.
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike challenges the legal sufficiency of a pleading." Forbes v.Ballaro, 31 Conn. App. 235, 238, 624 A.2d 389 (1993). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action, . . . the complaint is not vulnerable to a motion to strike. Bouchard v.People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991).
While some superior court cases recognize a viable common law cause of action for loss of filial or parental consortium in the context of injuries, the Supreme Court has repeatedly held that damages resulting from death are recoverable only authorized by statute. Lynn v. Haybuster Mfg., Inc., 226 Conn. 282, 295,627 A.2d 1288 (1993); Ladd v. Douglas Trucking Co., 203 Conn. 187,196-97, 523 A.2d 1301 (1987); Foran v. Carangelo, 153 Conn. 356,359, 216 A.2d 638 (1966). In Ladd, the court refused to recognize a cause of action under General Statutes § 52-555 for postmortem loss of consortium, stating that whether such a cause of action is permissible was a "question for the legislature to resolve." Ladd v. Douglas Trucking Co., supra, at 197.
In response to Ladd, the General Assembly enacted General Statutes §§ 52-555a through 555d which recognized a statutory cause of action for postmortem loss of consortium by a spouse. Public Acts 1989, No. 89-148, §§ 1-5. The legislature has yet to enact similar statutory provisions recognizing a parent's claim for loss of consortium upon the death of a child. See LaPrad v. Parizek, Superior Court, judicial district of Tolland at Rockville, Docket No. 055310 (September 13, 1994, Klaczak, J.);Wright v. Anesthesia Association of New Haven, Superior Court, judicial district of New Haven, Docket No. 343976 (November 29, 1993, Hodgson, J.). In the absence of such legislation, the parents' claims for loss of filial consortium must fail.
Accordingly, the motion to strike the second and third counts of the complaint is granted.
/s/ McDonald, J. McDONALD CT Page 5705