**Joseph BELLIVEAU, Sr., and Rosemary Belliveau, Plaintiffs–Appellants,**

**v.**

**Christopher STEVENSON, Defendant–Appellee.**

**No. 1227, Docket 96–9180.**

United States Court of Appeals, Second Circuit.

Argued April 11, 1997.

Decided Sept. 12, 1997.

John R. Williams, New Haven, CT, for Plaintiffs–Appellants.

Michael E. Riley, Hartford, CT (O'Keefe, Phelan & Jackson, Peter K. O'Keefe, on the brief, Hartford, CT), for Defendant–Appellee.

Before: VAN GRAAFEILAND, WALKER, and LEVAL, Circuit Judges.

WALKER, Circuit Judge:

The sole issue presented by this appeal is whether or not Connecticut law recognizes a parent's claim for postmortem loss of filial consortium resulting from the wrongful death of a child. For the following reasons, we agree with the district court that Connecticut law recognizes no such cause of action, and we affirm.

## BACKGROUND

Joseph Belliveau, Jr. ("Joseph") committed suicide on January 5, 1994. At the time of his death, he was a twenty-two year old college student and veteran of the United States Marine Corps. He was also the roommate of the defendant, Christopher Stevenson ("Stevenson").

On the day of his death, Joseph and the defendant rented a movie and, as they watched it, drank four beers each and shared a pizza. After the movie was over, the defendant began to clean up the living room of their shared apartment; he noticed his shotgun leaning against the wall, and decided to move it into his bedroom. According to the complaint, Stevenson then placed a shell into the chamber of the shotgun and released the safety; he walked toward Joseph, who took the gun from Stevenson and pointed it at himself. Stevenson, who did not know whether Joseph had seen him load the weapon, taunted: "Oh, go ahead, put it in your mouth, you won't do it, you don't have the fucking balls." Joseph pulled the trigger and was killed when the gun discharged.

On December 26, 1995, Joseph's father and mother, Joseph Belliveau, Sr. and Rosemary Belliveau ("the Belliveaus"), filed this diversity action against Stevenson in federal district court. The complaint, which Stevenson moved to dismiss, sought damages under Connecticut law for wrongful death, intentional infliction of emotional distress, and loss of consortium. In an opinion and order dated August 23, 1996, the United States District Court for the District of Connecticut (Alfred V. Covello, *District Judge*) dismissed the complaint on the ground that (1) the wrongful death action was barred under Conn. Gen.Stat. § 45a–273 because plaintiffs were neither the executors nor administrators of Joseph's estate; (2) the intentional infliction of emotional distress claim failed under Connecticut law because plaintiffs did not allege that they themselves were the targets of the defendant's allegedly wrongful conduct; and (3) Connecticut law does not recognize a cause of action for loss of filial consortium.

On appeal, appellants challenge only the district court's conclusion that Connecticut law does not recognize claims for postmortem loss of consortium based on the parent-child relationship. We review *de novo* the dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Citibank, N.A. v. K–H Corp.,* 968 F.2d 1489, 1494 (2d Cir.1992).

## DISCUSSION

The unavailability of a common law right of recovery based on wrongful death is

well-established Connecticut law. *See Ecker v. Town of West Hartford,* 205 Conn. 219, 530 A.2d 1056, 1060–62 (1987); *Lucier v. Hittleman,* 125 Conn. 635, 7 A.2d 647, 647 (1939) ("We have recognized it as a rule of the common law generally applicable that no action lies for damages resulting from the death of a human being."). Instead "death and its direct consequences can constitute recoverable elements of damage only if, and to the extent that, they are made so by statute." *Foran v. Carangelo,* 153 Conn. 356, 216 A.2d 638, 640 (1966).

The Connecticut Supreme Court in *Ladd v. Douglas Trucking Co.,* 203 Conn. 187, 523 A.2d 1301 (1987), reiterated this rule in the context of considering whether a wife could bring a claim for postmortem loss of consortium following the wrongful death of her husband. The court found that death-related claims were only actionable pursuant to statute, and that Connecticut had enacted only one such law: Conn. Gen.Stat. § 52–555,[1] Connecticut's general wrongful death statute which "allows the estate to recover in the same action damages suffered by the deceased victim before death as well as those accruing to his estate thereafter." *Ladd,* 523 A.2d at 1304. Accordingly, the *Ladd* court found that no claim for postmortem loss of spousal consortium was available. *Id.* at 1305–06.

■ Although the Connecticut Supreme Court has not directly decided the question of whether under Connecticut law a parent may bring a loss of consortium claim upon the wrongful death of his or her child, it came close in *Foran v. Carangelo,* 153 Conn. 356, 216 A.2d 638 (1966), where it rejected a claim that—while not denominated a claim for loss of consortium by the plaintiff—was in substance a loss of consortium claim brought by children against a doctor who had negligently performed their mother's hysterecto-

my, allegedly causing her death.[2] There, the decedent's children, suing through their father as next friend, sought damages as compensation for the loss of the care and affection of their mother from the date of her death. *See id.* at 640. In rejecting this cause of action because it had not been authorized by statute, the court explained:

> The weakness in [the plaintiffs'] position is that the only elements of damage which they allege directly flowed from the loss of their mother's care and affection because of her death, and they have not brought themselves within the terms of any statute authorizing a recovery of such postmortem elements of damage. Consequently the minor plaintiffs have stated no valid cause of action on their own behalf. . . .

*Foran,* 216 A.2d at 641. *Foran* is highly persuasive precedent for the point that in Connecticut there is no loss of consortium claim based on the death of a parent or child because such claims are not addressed in Connecticut's wrongful death statute. *See Clark v. Romeo,* 561 F.Supp. 1209, 1211 (D.Conn.1983).

Also persuasive on this point is *Mahoney v. Lensink,* 17 Conn.App. 130, 550 A.2d 1088, 1094 (1988), an appellate court decision rejecting the viability of a loss of filial consortium claim, albeit in dicta. After dismissing on other grounds the parents' loss of consortium claim based on the allegedly wrongful death of their son, the *Mahoney* court suggested that a loss of filial consortium claim would have been unavailable to the parents in any event because "[t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship." *Id.* The court then added that

> a claim for loss of consortium exists only as to antemortum [sic] loss of consortium.

---

1. Conn. Gen.Stat. § 52–555 provides:
   In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover

such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.

2. We view parental and filial loss of consortium claims to be analogous only to the extent that the Connecticut legislature has provided for neither.

*Ladd v. Douglas Trucking Co.,* 203 Conn. 187, 523 A.2d 1301 (1987). The plaintiffs' claim for loss of consortium is framed in terms of postmortum [sic] loss of consortium. Thus, even if an action for loss of filial consortium were said to exist, and even if the plaintiffs individually acquired a cause of action ... the decision in *Ladd* forecloses the plaintiffs' claim.

*Id.* The *Mahoney* opinion suggests two principles. First, there is no claim for loss of filial consortium under Connecticut law in any circumstance because loss of consortium claims have historically been available only to spouses. Second, and immediately relevant to this case, even if loss of filial consortium might be found to give rise to a cause of action in certain cases (where, for example, a parent or child was injured, rather than killed), the doctrine cannot cover a claim for postmortem loss of consortium because there is no statutory authority for such an action. We need not decide (as the district court did) the merits of the broader viability of loss of filial consortium claims under Connecticut law because, in light of the holdings in *Ladd* and *Foran,* the second principle is beyond question: Connecticut law plainly does not recognize any postmortem claims absent express statutory authorization—authorization which, for loss of filial consortium claims, does not now exist. Thus there is no cause of action for postmortem loss of filial consortium under Connecticut law, and the Belliveaus' claim was properly dismissed by Judge Covello.

Despite the force of cases such as *Ladd, Foran,* and *Mahoney,* the Belliveaus' primary argument on appeal is that several Connecticut lower courts have contradicted these cases and have permitted claims for loss of filial consortium to proceed. The principal case cited by the Belliveaus for the so-called "split" of authority on this question is *Sliney v. Denisanko,* No. 334928, 1993 WL 307644 (Conn.Super.Ct. Aug. 6, 1993). *Sliney,* however, involved a loss of filial consortium claim based on a child's injury rather than death, *see id.* 1993 WL 307644, at *1, and hence is distinguishable. With respect to the few courts that have permitted loss of filial consortium claims for postmortem damages, we note that each decision we have found fails to mention, let alone discuss,

*Ladd, Foran* and the settled Connecticut rule that prohibits claims stemming from wrongful death unless expressly authorized by the legislature; instead, they rely on public policy arguments as to why claims for loss of consortium as between parent and child should be treated identically as those between spouses. *See, e.g., Adair v. New Canaan Med. Group, Inc.,* No. CV 950144524, 1997 WL 255261, at *1 (Conn.Super.Ct. May 7, 1997); *Condon v. Guardiani,* No. CV 950052203S, 1996 WL 240420, at *2 (Conn.Super.Ct. Mar. 16, 1996); *Paradiso v. Nasinka,* No. 0112154, 1994 WL 51055, at *3–4 (Conn.Super.Ct. Feb. 1, 1994). The aberrational nature of these cases is underscored by the fact that the great majority of lower courts to consider the issue have not permitted such claims. For example, in *Wildman v. Connecticut Allergy and Asthma Assocs.,* No. 334473, 1996 WL 745857, at *6 (Conn.Super.Ct. Dec. 16, 1996), the superior court granted a motion to strike a loss of filial consortium claim based on the death of a child because "the damages which are compensable as a result of wrongful death are purely a creation of statute, and ... the Legislature has not provided that interference with the parent-child relationship by a wrongful death is compensable." *See also Cronin v. McArdle,* No. CV 950127272, 1997 WL 408472, at *2 (Conn.Super.Ct. July 10, 1997); *Falconieri v. Choquette,* No. CV 960383034S, 1996 WL 571414, at *4 (Conn.Super.Ct. Sept. 26, 1996); *Reed v. Norwalk Hosp.,* No. CV 950146525, 1996 WL 502491, at *1 (Conn.Super.Ct. Aug. 27, 1996); *Mills v. Ansonia Community Action, Inc.,* No. 128715, 1996 WL 493191, at *1 (Conn.Super.Ct. Aug. 20, 1996); *Grant v. Waterbury Hosp.,* No. 0127010, 1996 WL 367707, at *2 (Conn.Super.Ct. June 7, 1996); *Slater v. Mount Sinai Hosp.,* No. CV94 0542007, 1994 WL 728830, at *2 (Conn.Super.Ct. Dec. 22, 1994); *Valdes v. Williams,* No. CV93 530459, 1993 WL 541064, at *1 (Conn.Super.Ct. Dec. 14, 1993).

The Belliveaus' final argument is that Conn. Gen.Stat. § 52–555a, enacted by the legislature in response to *Ladd, see* 1989 Conn. Pub. Acts No. 89–148, §§ 1–5, to establish a cause of action for postmortem loss of spousal consortium, should be construed to include loss of filial consortium claims as

well.[3] The plaintiffs argue that such a construction would properly recognize the value of the parent-child relationship. While we have no quarrel with the idea that respect is due the parent-child relationship, we nonetheless reject this argument because under Connecticut law, "[w]hen a statute is in derogation of common law ... it should receive a strict construction and is not to be extended, modified, repealed or enlarged in its scope by the mechanics of statutory construction." *Lynn v. Haybuster Mfg., Inc.*, 226 Conn. 282, 627 A.2d 1288, 1292 (1993) (quoting *Ahern v. New Haven*, 190 Conn. 77, 459 A.2d 118, 121 (1983)). Section 52–555a, which is in derogation of the common law rule prohibiting actions based on "death and its direct consequences," *Foran*, 216 A.2d at 640, speaks exclusively in terms of loss of spousal consortium, *see Lynn*, 627 A.2d at 1294–95, and we will not construe this language beyond its express terms.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**3.** Conn. Gen.Stat. § 52–555a provides:
Any claim or cause of action for loss of consortium by one spouse with respect to the death of the other spouse shall be separate from and independent of all claims or causes of action for the determination of damages with respect to such death.