[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Edith Holzmaier, brings this action as executrix of the estate of her late husband, Anton Holzmaier, in eight counts.
Suit was instituted prior to the death of the decedent, against Associated Internists of Danbury, P.C. and Dr. Albert Casazza, returnable July 12, 1994.
The action commenced by the decedent claimed medical negligence, in that the defendants failed to exercise the degree of care and skill ordinarily and customarily used by physicians specializing in the fields of internal medicine and hematology.
Anton Holzmaier died on August 7, 1994, and his wife was substituted as the party plaintiff on December 20, 1994. The right to recover damages pursuant to § 52-555 of the Connecticut General Statutes was also asserted at that time.
On July 12, 1996, the plaintiff filed, pursuant to § 52-190a
of the General Statutes, a motion for a ninety day extension of the statute of limitations to allow inquiry to determine whether the negligence of Dr. Jonathan Gordon was involved in the care and treatment of the decedent. That motion was granted.
On July 19, 1996, the plaintiff filed a motion to cite in as additional defendants, Dr. Jonathan Gordon and Dr. Bernard Joseph Meehan. Service was made on Dr. Gordon on August 5, 1996.
On September 17, 1997, the defendant, Dr. Jonathan Gordon, filed an amended special defense claiming that the plaintiff's cause of action was barred by the statute of limitations, citing both § 52-584 and § 52-555 of the General Statutes. CT Page 5842
The defendant, Dr. Gordon, now moves for summary judgment, both as to count four of the plaintiff's amended complaint, and count eight, which contains a loss of consortium allegation on behalf of the plaintiff administrator. He claims that these counts are time barred under the applicable statute of limitations.
The plaintiff claims in count four of the amended complaint dated May 14, 1997, that on or about June 4, 1991, Dr. Gordon undertook continuous care, treatment, monitoring and supervision of the decedent, Anton Holzmaier.
The complaint further alleges that Dr. Gordon was the physician who read and interpreted a chest X-ray of the decedent on June 4, 1991, a fact the defendant does not contest.
In an uncontradicted affidavit, signed February 18, 1998, Dr. Gordon acknowledges reviewing the X-rays of Anton Holzmaier on June 4, 1991.
Furthermore, in both the affidavit and a deposition (Exhibit L of motion for summary judgment), Dr. Gordon states that between June 4, 1991 and June of 1993, when lung cancer was first diagnosed, he did not examine the decedent, nor read X-rays which were taken on June 11, 1992.
The only professional service provided by Dr. Gordon to the decedent prior to June of 1993, when the cancer was diagnosed, involved reading and interpreting the X-rays on June 4, 1991.
In opposing the motion for summary judgment, the plaintiff initially maintains that § 52-555 is the applicable statute of limitations, rather than § 52-584.
She also maintains that a question of fact exists as to whether the continuing course of conduct doctrine applies to this case, thus tolling the statute of limitations.
 I STANDARD OF REVIEW
In passing upon a motion for summary judgment, the trial court is limited to deciding whether a genuine issue of material fact exists. Batick v. Seymour, 186 Conn. 632, 647 (1982). CT Page 5843
The moving party must show that it is quite clear what the truth is, as to the existence of any genuine issue of material fact. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268 (1979). The test to be applied is whether a party would be entitled to a directed verdict. United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380 (1969).
Summary judgment may be granted where a claim is barred by the applicable statute of limitations. Doty v. Mucci,238 Conn. 800, 806 (1996).
 II CONTINUOUS TREATMENT DOCTRINE NOT APPLICABLE
Connecticut courts have recognized the continuous treatment doctrine, first announced in Giambozi v. Peters, 127 Conn. 380,384-86 (1940).
Malpractice of a physician may be applied to a single act of the physician or surgeon. When the injury is complete at the time of the act, the statute of limitations begins to run when the breach of a duty or deviation from the standard of care occurs. When, however, injurious consequences arise from a course of treatment, the statute begins to run on the date when treatment is terminated. Blanchette v. Barrett, 229 Conn. 256, 275 (1994);Connell v. Colwell, 214 Conn. 242, 253 (1990).
If there is nothing more to be done by the physician as to the particular injury or malady which he was engaged to treat, or if he ceases to attend to the patient, the treatment is said to have ceased without any formality. Blanchette v. Barrett, supra,
275.
Because there is no indication of any activity by Dr. Gordon which could be construed as treatment between June 4, 1991 and the date the cancerous condition was first discovered in 1993, the continuing treatment doctrine can not be employed to aid the plaintiff.
There is no question that Dr. Gordon's only activity was a single reading of X-rays, without further treatment of any kind.
The reading of an X-ray by a radiologist is a single, one-time CT Page 5844 event. White v. Bridgeport Radiology Assoc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 259604 10 CONN. L. RPTR. 229 (September 28, 1993) (McKeever, J.).
 III PLAINTIFF'S ACTION BARRED BY § 52-584
Turning first to the defendant's claim that § 52-584
establishes a bar to the maintenance of a cause of action by the plaintiff administrator, the pertinent portion of that statute reads:
 No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . or by malpractice of a physician. . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of. . . .
The plaintiff claims that the applicable statute is § 52-555, Connecticut's wrongful death statute. She argues that the suit against Dr. Gordon is not time barred, claiming that it was brought both within two years of the death of the decedent, and within the statute of repose under § 52-555, five years from the date of the act or omission complained of.
Section 52-555 reads as follows:
 In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of.
Section 52-584, by is express terms, provides that an action claiming malpractice of a physician must be brought within two years from the date of the discovery of the injury, but no more than three years from the date of the act or omission complained CT Page 5845 of.
At the time of his death, on August 7, 1994, Anton Holzmaier could not have initiated an action against Dr. Gordon under §52-584, in that three years from June 4, 1991 had elapsed.
A statute of limitations or statute of repose is designed to prevent enforcement of stale claims or fraudulent claims after the lapse of a reasonable period of time, and to aid in the search for truth, which could be impaired by dimmed memories, the disappearance of witnesses or other factors beyond the control of the litigants. Ecker v. West Hartford, 205 Conn. 219, 240 (1987).
The General Assembly is justified in establishing a period that runs from the date of the act or omission complained of, even though on that date no person has sustained damage, and no cause of action has come into existence. Vilcinskas v. Sears,Roebuck Co., 144 Conn. 170, 174-75 (1956).
Therefore, the question presented is whether the estate of Anton Holzmaier may assert a claim for damages under § 52-555
as expressed in the complaint, which the decedent could not have asserted subsequent to August 7, 1994, had he lived.
At common law, no cause of action may be maintained for damages resulting form the death of a human being. Grody v. Tulin,170 Conn. 443, 448 (1976). No such cause of action may be maintained, except under the terms and authority of a statute.Ecker v. West Hartford, supra, 227.
Under Connecticut's wrongful death statute, § 52-555, the statutory right of action belongs, in effect, to the decedent alone. Damages are recoverable for death as one of the consequences of the wrong inflicted on the decedent. Sanderson v.Steve Snyder Enterprises, Inc., 196 Conn. 134, 149 (1985).
The cause of action authorized by § 52-555, is a continuance of that which the decedent could have exercised had he lived, and to which death may be added as an element of damage. Gionfriddo v. Avis Rent A Car System, Inc.,192 Conn. 280, 291 (1984); Foran v. Carangelo, 153 Conn. 356, 360 (1966). The plaintiff stands in the shoes of the decedent. Nolan v.Morelli, 154 Conn. 432, 435 (1967).
Because the decedent could not maintain an action under the CT Page 5846 period of repose applicable to § 52-584 on the date of his death, his administrator can not resurrect that cause of action under § 52-555 because of that death.
 IV SECTION 52-555 DOES NOT ASSIST THE PLAINTIFF
Although the determination that § 52-584 serves as a bar to the plaintiff's action against Dr. Gordon is dispositive of the issue of summary judgment, the plaintiff could not prevail even if § 52-555 applied here.
Since the date of the "act or omission complained of" occurred on June 4, 1991, and the continuing treatment doctrine does not apply, suit was not commenced within five years, as required by the repose provision of § 52-555.
A petition to extend the statute of limitations pursuant to § 52-109a(b) was not filed until July 12, 1996, more than five years after June 4, 1991. The filing of a petition under § 52-190a(b) can not be utilized to revive an already expired statute of limitations. Gabrielle v. Hospital of St. Raphael,33 Conn. App. 378, 385 (1994).
Therefore, even assuming that the provisions of § 52-555
are the only provisions applicable to these facts, the plaintiff's claim remains time barred.
The defendant's motion for summary judgment as to counts four and eight of the plaintiff's complaint is GRANTED.
Radcliffe, J.