[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT, INFINITY INSURANCE COMPANY'S, REQUEST TO REVISE AMENDED COMPLAINT DATED JUNE 28, 2000
This action came before this Court based upon a request to revise the plaintiffs' amended complaint dated June 28, 2000 which request is dated July 14, 2000. On September 14, 2000 this Court denied the request to revise absent oral argument. By motion dated September 29, 2000, the said defendant, Infinity Insurance Company, hereinafter "Infinity", requested this Court to order reargument of said request to revise. Reargument was held, and the parties submitted supplemental briefs dated November 16, 2000 and December 1, 2000.
Infinity seeks to have the Court order that claims of loss of parental consortium by the minor children, Darren Adams II and Charli M. Scott, be CT Page 15155 deleted from Counts six, Seven, Twelve and Fourteen. Infinity claims that the case law in Connecticut specifically holds that a minor child cannot bring a claim for loss of parental consortium and cites Mendillo v. Boardof Education, 246 Conn. 456 (1998). This Court finds that underMendillo, supra, a claim for 1oss of parental consortium by a minor child is not recognized in Connecticut. "The minor plaintiffs contend that we should recognize a claim for loss of parental consortium by a minor child resulting from a serious injury to the child's parent . . . We conclude, however, that the balance of reasons and public policies tips against the recognition of such a claim. Id. 477. ". . . we conclude that on balance, the wiser judicial policy is not to recognize the claim for loss of consortium by a minor child." Id. 480. Mendillo, supra, goes on to cite Taylor v. Keefe, 134 Conn. 156, 161-62 (1947) for the holding that "a minor child has no cause of action for alienation of his parent's affections by a third party"; ". . . that a minor child has no claim for the loss of a parent's love and affection resulting from the parent's wrongful death" citing Foran v. Carangelo, 153 Conn. 356, 359-62 (1966) Id. 481. The minor plaintiff's (hereafter "Darren and Charli") claim thatMendillo, supra, does not apply because it involves a wrongful discharge case. However, Mendillo does cite Foran supra, which was a case in which there was a wrongful death of the parent. Clearly the prohibition against loss of parental consortium applies to torts including automobile accidents in addition to wrongful discharge. Said Darren and Charli also claim that the liability of Infinity is one under a breach of contract claim because it is a claim against Infinity's policy of uninsured motorist coverage. It is an alleged breach of contract, but it, nevertheless, applies to torts because the basis of the claim for uninsured motorist coverage for loss of parental consortium is based upon a factual situation which is an automobile accident resulting from the negligence of another driver who was uninsured.
This Court finds that the language of the policy controls in this situation. It is well settled law in Connecticut that a Court should look at the language of the policy itself in order to determine its meaning unless the provisions are ambiguous in which case the Court can go beyond the actual language of the policy. However, the Court finds as to this particular policy the pertinent language is not ambiguous. Under Part III entitled "UNINSURED AND UNDERINSURED MOTORIST, COVERAGE C" the policy, on page 8, does include in its potential liability for damage "loss of consortium". It does not specify the type of loss of consortium so presumably it could include loss of parental consortium. If the Court were to find this provision ambiguous, it is well settled law in Connecticut that in interpreting an insurance contract if it is ambiguous, the Court should interpret it in favor of the insured since it was the insurance carrier that prepared the policy. Assuming arguendo that it does mean loss of parental consortium, that still does not grant the plaintiff CT Page 15156 relief. The controlling part of the policy under this section is in the first paragraph which states in pertinent part: "We will pay damages, except for punitive or exemplary damages, for bodily injury which the insured person is legally entitled to recover from the owner or operatorof an uninsured or underinsured motor vehicle". (Emphasis added) Under Connecticut law the insured is not legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle damages for loss of parental consortium. Accordingly, by the language of the policy itself the minor plaintiffs cannot recover under that section of the policy for loss of parental consortium.
The next paragraph is somewhat ambiguous: "Determination whether the insured person is legally entitled to recover damages or the amount of damages shall be made by agreement between that person and us." That paragraph appears to be confusing because of the likelihood that there will be no agreement between the insured and Infinity. The only logical interpretation of that paragraph is that if there is a failure to come to an agreement, the parties may go to court to have the issue of legal entitlement resolved. That is exactly where the parties are now. Even if this paragraph is considered ambiguous, it still does not overcome the clear language of the first paragraph as described above, in particular the words "we will pay damages . . . for bodily injury which the insured person is legally entitled to recover". Emphasis added. For the foregoing reasons the Court concludes that the language of the policy specifically prohibits recovery for loss of parental consortium because the insured is not legally entitled to recover same.
The request to revise dated July 14, 2000 is granted.
Rittenband, JTR