[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Dr. Sheik Ahmed, moves for summary judgment based on the purported expiration of the applicable statute of limitations for this medical malpractice, wrongful death case filed by the plaintiff, Esther Spruill, administratrix for the estate of her son, Tyron R. Spruill.
Summary judgment shall enter if the pleadings and documentary proof submitted demonstrate that no genuine dispute exists as to material fact and that the movant is entitled to judgment as a matter of law. Practice Book § 17-49.
The pleadings and documents submitted by the parties reveal that it is undisputed that the defendant examined and treated seven-year-old Tyron on October 16 and 18, 1997, when Tyron was experiencing headaches and vomiting. On October 22, 1997, Tyron became unresponsive and was rushed to the Connecticut Children's Medical Center where he was diagnosed as suffering from pneumococcal meningitis. On October 27, 1997, Tyron died from the effects of that disease.
In the amended complaint, the plaintiff alleges that the defendant failed to properly test, diagnose, and treat Tyron and that this professional negligence caused the child's death. The plaintiff seeks money damages to compensate for Tyron's suffering and loss of life. This action was brought on January 22, 2001.
The defendant claims the benefit of the statute of limitations set forth in either General Statutes § 52-584, which governs medical malpractice actions, or General Statutes § 52-555, which is the Connecticut wrongful death statute. The defendant argues that, because this case was initiated more than two years after Tyron's death, it is barred under either statute. The court agrees that § 52-555 precludes the bringing of this suit. CT Page 3092
Under Connecticut common law, damages for death were unrecoverable.Foran v. Carangelo, 153 Conn. 356, 359 (1966). Consequently, any case seeking such damages is viable "only if, and to the extent that" statutory enactments abrogate the common law. Id. In general, the sole basis for recovery for damages for death caused by the actions of another is General Statutes § 52-555. Lynn v. Haybuster Mfg., Inc.,226 Conn. 282, 295 (1993).
As a result, where damages for a wrongful death are sought, the pertinent statute of limitations is to be found in § 52-555 rather than the statutes of limitations for torts or negligence generally. This rule obtains even in cases alleging that the death was proximately caused by medical malpractice. Dawson v. Kuehn, Superior Court, Hartford J.D., d.n. CV01-806726 (February 25, 2002), Wagner, J.T.R.
At one time § 52-555 had time limits which corresponded exactly to those for negligence cases. McDonald v. Haynes Medical Laboratory, Inc.,192 Conn. 327, 329-32 (1984). However, in 1991, § 52-555 was amended to bar any wrongful death action brought more than two years after the death. P.A. 91-238.
In the present case, the plaintiff commenced suit more than three years after Tyron's untimely death, contravening the two-year time period afforded by § 52-555. Therefore, the defendant is entitled to judgment as a matter of law.
The defendant's motion for summary judgment is granted.
Sferrazza, J. CT Page 3093