Felix **GIORDANO**, Plaintiff–Appellant,

v.

**GERBER SCIENTIFIC PRODUCTS, INC.**, Charles Hevenor, President, Mel Cornett, Vice President, Edward Killion, Vice President, Kenneth Staley, Manager, Carol Nielsen, Manager, Defendants–Appellees.

No. 00–9570.

United States Court of Appeals, Second Circuit.

Dec. 10, 2001.

James S. Brewer, Wes Hartford, CT, for appellant.

Felix J. Springer, Day, Berry & Howard, Hartford, CT; Daniel A. Schwartz on the brief, for defendants-appellees.

Present JACOBS, SACK, and KATZMANN, Circuit Judges.

### SUMMARY ORDER .

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED.

Felix Giordano appeals from the judgment of the United States District Court for the District of Connecticut (Burns, J.), dismissing his state law claims of negligent infliction of emotional distress and granting summary judgment in favor of defendants-appellees on Giordano's claim of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34. Giordano was hired by Gerber Scientific Products, Inc., as a Product Training Manager in the Sales and Marketing Department, on or about September 15, 1997. Giordano was forty-nine years old when he was hired. He was terminated eight months later, on or about May 14 1998, at age fifty.

Giordano's twelve-count complaint in federal court against Gerber Scientific Products, Inc. and various employees (collectively referred to as "Gerber") alleged numerous claims of intentional and negligent infliction of emotional distress under Connecticut law, as well as the federal ADEA claim. On June 7, 1999, Gerber moved to dismiss Giordano's state law claims pursuant to Fed.R.Civ.P. 12(b)(6). Giordano voluntarily withdrew his claims alleging intentional infliction of emotional distress; on November 5, 1999, the district court dismissed his claims alleging negli-

gent infliction of emotional distress,[1] *Giordano v. Gerber Scientific Prod., Inc. ("Ruling on Motion to Dismiss")*, No. 3:99cv00712, 1999 WL 1067820 (D.Conn. Nov.5, 1999); finally, the district court granted Gerber's motion for summary judgment on Giordano's remaining claim alleging age discrimination, *Giordano v. Gerber Scientific Prod., Inc. ("Ruling on Motion for Summary Judgment")*, 2000 WL 1838337, at *6 (D.Conn. Nov.14, 2000).

On appeal, Giordano challenges the dismissal of the claim for negligent infliction of emotional distress, and the grant of summary judgment on the age discrimination claim.

## A

We review *de novo* a district court's dismissal of claims pursuant to Fed. R.Civ.P. 12(b)(6). *Belliveau v. Stevenson*, 123 F.3d 107, 108 (2d Cir.1997). The court should accept all factual allegations in the complaint as true and construe all reasonable inferences in favor of the plaintiff. *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir.1991). The motion to dismiss should be granted only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ To prevail on a claim for negligent infliction of emotional distress under Connecticut law, the plaintiff must demonstrate that each defendant knew or should have known that the defendant's own conduct "involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." *Parsons v. Unit-ed Technologies Corp.*, 243 Conn. 66, 700 A.2d 655, 667 (1997) (internal citations and quotation marks omitted). In the employment context, negligent infliction of emotional distress "arises only where it is 'based upon unreasonable conduct of the defendant in the termination process.'" *Id.* at 667 (quoting *Morris v. Hartford Courant Co.*, 200 Conn. 676, 513 A.2d 66, 69 (1986)). "The mere termination of employment, even where it is wrongful, is therefore not, by itself, enough to sustain a claim for negligent infliction of emotional distress." *Id.*

■ Giordano's allegations are insufficient; he alleges that: (1) he was terminated because of his age; (2) he was "terminated in a manner that was abrupt, surprising and inconsistent with his prior job performance ratings"; (3) he received positive performance reviews prior to his termination; and (4) Gerber refused to provide him with a letter of reference.

An allegation of discrimination does not plead an unreasonable risk of causing emotional distress. Nor does termination without advance notice. *See Pavliscak v. Bridgeport Hosp.*, 48 Conn.App. 580, 711 A.2d 747, 756 (1998) (termination of at-will employee without advance warning provides no support for a finding that the defendant acted unreasonably during the termination process). The complaint does not report how his prior receipt of positive performance reviews constituted conduct by Gerber that created an unreasonable risk of emotional distress to Gerber; in any event, his positive reviews were followed by numerous indications that his job performance was subpar. Finally, Giordano's inability to obtain a letter of favorable reference from Gerber does not support

---

1. The district court dismissed Giordano's claims of negligent infliction of emotional distress without prejudice to Giordano to "replead within the dictates of the Ruling." Ruling on Motion to Dismiss, 2000 WL 1838337, at *2. Giordano chose not to do so but amended his complaint to state only one claim, that of age discrimination in violation of the ADEA.

82

his claim; Gerber had no legal duty to provide Giordano with such a letter, and had reason not to. For the foregoing reasons, it was not erroneous for the district court to dismiss Giordano's state law claims.

B

Giordano also argues that the district court erred in granting Gerber's motion for summary judgment on the age discrimination claim. We reject this challenge for substantially the reasons stated in the district court's thorough opinion. *See Ruling on Motion to Dismiss,* 2000 WL 1838337.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.